[S. F. No. 3623. Department Two.—May 6, 1904.]

## ALBERT T. ROCHE, Respondent, v. ELIAS J. BALDWIN, Appellant.

ACTION FOR SERVICES OF ATTORNEY—REASONABLE VALUE—DEFENSES—BURDEN OF PROOF—CONFLICTING EVIDENCE—REDUCTION OF VERDICT—APPEAL.—In an action by the assignee of an attorney against his client for the reasonable value of his services, where the defendant pleaded a specific contract and payment thereunder, the burden of

proof was upon the defendant to establish those defenses; and where the evidence for the plaintiff established the reasonable value of the services, and was squarely conflicting as to the defenses urged, a verdict for the plaintiff, as reduced under a conditional order denying a new trial, which reduction covered all amounts claimed to have been paid, will not be disturbed upon appeal.

ID.—CROSS-EXAMINATION OF ATTORNEY—ANTICIPATION OF DEFENSES—ERROR NOT SHOWN.—The defendant was properly denied the privilege of evidently anticipating his defenses on cross-examination of the attorney, even though it might tend to test the memory of the witness. The court on such cross-examination had discretion to exclude questions of a general and indefinite character from which it was impossible to determine whether the answer would be material, and in respect of which the appellant does not sustain the burden of proving error by showing the exclusion of material matter, and the answers to which would, as appears by other evidence before given, have resulted in the repetition of a denial of the defenses urged.

ID.—EXPERT EVIDENCE—BASIS OF HYPOTHETICAL QUESTIONS.—It was proper to admit hypothetical questions to expert witnesses based on the testimony given by the plaintiff, and to exclude hypothetical questions asked on cross-examination which were based upon facts not in evidence.

ID.—OPINION AS TO VALUE OF ATTORNEY'S SERVICES—RETAINING FEE.—Expert witnesses were properly allowed to testify to their opinion as to the reasonable value of the professional services rendered by the attorney to the defendant, as his client, including a reasonable retaining fee.

ID.—PLEADING—LAW OF CASE—NONSUIT—VERDICT.—A statement in the opinion on a former appeal, not concurred in by the majority of the court, that the complaint should have counted on the contract stated in defendant's answer, and proved by defendant at the trial, is not the law of the case. The plaintiff had the right to base his complaint on his own theory of the facts, and where his testimony sustained the facts alleged a nonsuit was properly denied, and the facts pleaded by him, being settled by the verdict, are not to be further questioned.

ID. — INSTRUCTIONS — ARGUMENT — GENERAL OBJECTION OVERRULED. — Where the appellant in his argument only urges a general objection to the instructions, the objection will be overruled without discussion in the opinion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

Byron Waters, Waters & Wylie, and Curtis Hillyer, for Appellant.

The evidence was insufficient to justify the verdict; and the verdict being too large under the evidence, should be wholly set aside. (*Warner* v. *Thomas etc. Co.*, 105 Cal. 410 ) The court disallowed the proper limits of cross-examination. (Code Civ. Proc., sec. 1860; Greenleaf on Evidence, sec. 446; *Neal* v. *Neal*, 58 Cal. 288; *Harper* v. *Lamping*, 33 Cal. 648.) The action should have been based on the express contract shown by the defendant. The *allegata* and *probata* do not correspond. (*Roche* v. *Baldwin*, 135 Cal. 525; *O'Connor* v. *Dingley*, 26 Cal. 21; *Victor Sewing Machine Co.* v. *Scheffler*, 61 Cal. 530; *Daley* v. *Russ*, 86 Cal. 114; *Lavenson* v. *Wise*, 131 Cal. 369.)

Theodore J. Roche, and Sullivan & Sullivan, for Respondent.

The evidence is sufficient to sustain the verdict against the contract pleaded. The case of *Roche* v. *Baldwin*, 135 Cal. 522, is not the law of the case as to the question of pleadings; and it cannot apply to a different state of facts established by the verdict of the jury. (*Mattingly* v. *Pennie*, 105 Cal. 514, 517;[1] *Benson* v. *Shotwell*, 103 Cal. 163; *Wallace* v. *Sisson*, 114 Cal. 46; *Robinson* v. *Thornton*, 114 Cal. 275; *Meeks* v. *Southern Pacific R. R. Co.*, 56 Cal. 513;[2] *Cross* v. *Zellerbach*, 63 Cal. 623; *Sharon* v. *Sharon*, 79 Cal. 633-658.) Defendant had no right to prove his affirmative case on cross-examination of plaintiff. (*Thornton* v. *Hook*, 36 Cal. 223; *Melone* v. *Ruffino*, 129 Cal. 514.[3]) The refusal of questions elsewhere answered is not prejudicial. (*San Joaquin Valley Bank* v. *Bours*, 73 Cal. 200.) It was proper to permit expert witnesses to show the reasonable value of the attorney's services, and to add a retaining fee. (*Knight* v. *Russ*, 77 Cal. 410.)

GRAY, C.—Plaintiff sues as the assignee of Henry E. Highton to recover the reasonable value of the services of said Highton performed as an attorney for defendant. A jury returned a general verdict for plaintiff in the sum of

[1] 45 Am. St. Rep. 87.          [3] 79 Am. St. Rep. 127.

[2] 38 Am. Rep. 67, and note.

$7,727.10. On defendant's motion for a new trial the court ordered that the motion be·granted unless plaintiff should remit one thousand dollars from the verdict and judgment entered thereon. The plaintiff consented to remit the said amount, thus reducing the judgment to $6,727.10, besides costs, and thereafter the court denied the motion for a new trial.

The defendant appeals from the judgment and order.

1. The bulk of the services performed by Highton were rendered by him for defendant in a seduction case brought against defendant by Lillian Ashley. It is claimed by appellant that the services in this Ashley case were rendered by Highton under a special contract, by which it was agreed that Highton's compensation therein should be fixed by Baldwin and his agent, Unruh. The first and main contention of appellant is, that the evidence is insufficient to justify the verdict, because (1) the evidence shows that Highton was paid by Baldwin more than his services were reasonably worth, and (2) the evidence shows the truth of appellant's contention that Highton was to receive only such compensation in the Ashley case as Baldwin and Unruh would fix, and that they had never fixed such compensation, nor had any demand been made on them to do so. On the subject of this alleged special contract we deem it sufficient to say that the evidence was squarely conflicting. The testimony of Baldwin and Unruh asserted the contract, and Highton as a witness in effect denied it. The jury and the trial judge seem to have adopted Highton's version of the matter as true, as did also a jury and the trial judge on a former trial of this case (*Roche* v. *Baldwin,* 135 Cal. 532). · It is not for this court to question the correctness of the decision of the court below as to an issue purely of fact where the evidence is, as here, conflicting. As to the value of Highton's services, the evidence without conflict places them at a figure which fully warrants the verdict as reduced by the action of the court, even taking into account the full amounts claimed by Baldwin to have been paid to Highton, and to have been due from Highton to Baldwin, etc., and offsetting these amounts against the value of the services as shown by the evidence. We can see no ground for interfering with the verdict on any theory that it is not supported by the evidence.

2. Among the questions asked the witness Highton on cross-examination are the following:—

"Q. What are your relations of a business nature with Mr. Baldwin, and when were they initiated?"

"Q. What else did you say to Mr. Baldwin in that connection, if anything, at this time when you did mention the subject-matter to him?"

"Q. Why did you make those suggestions?"

"Q. Did you do it for any particular reason?"

"Q. Did you not say in this conversation had between you, Mr. Baldwin, and Mr. Unruh anything with reference to any obligation which you owed to Mr. Baldwin?"

This question was answered in the negative, and then followed:—

"Q. Did you not, at any time when there was conversation between you and Mr. Baldwin or you and Mr. Unruh relative to your employment in this case of Ashley *v.* Baldwin?"

Objections to these questions were sustained except as to the one answered. It is urged that these questions were proper as seeking to disclose the interest, motive, leaning, and bias of the witness towards the adverse party and as testing his memory. Cross-examination of witnesses for the purposes above named is a matter largely in the discretion of the trial judge. Cases are sometimes reversed for an abuse of such discretion; but when we consider the general and indefinite character of the foregoing questions and the apparent purpose in asking them, we think there was no abuse of discretion in the present instance. The first two and the last questions above quoted are so indefinite that it is impossible to determine whether an answer to them would have been material or relevant to the case. And while it has been held that from error injury would be presumed, it is also held that the burden is upon the appellant to show error, and error is not shown where it cannot be determined that anything material has been excluded by the ruling complained of. The third and fourth questions called on Mr. Highton to give his reasons for suggesting to Mr. Baldwin that he would like to have some of Mr. Baldwin's business without infringing upon the business of his (Mr. Baldwin's) regular attorney. The reason for an attorney asking employment is obvious and needs no question to develop it to the ordinary understanding. The attorney wants the work.

These preliminary indefinite questions were only intended to lead up to the more definite questions which followed them, in which Highton was asked if he did not at any time suggest to Baldwin that his employment in the case would help to extinguish his indebtedness to Baldwin, and that if he was so employed he would leave his compensation to be determined by Baldwin and Unruh. The defenses of payment and that the work was performed under a special contract were affirmative defenses set up in the answer, and upon them both the defendant had the burden of proof. (*Melone* v. *Ruffino,* 129 Cal. 514.[1]) Highton in his direct testimony had only described the work he had done, given its value, and stated that it was done at the request of Baldwin. This last statement, so far as the Ashley case was concerned, was immaterial, for the reason that it was admitted, by being alleged in the complaint and not denied in the answer, that the services in that case were performed at the request of Baldwin. Highton had in no way attacked these defenses in his direct testimony, and the defense not yet being opened, it was not proper to allow the defendant to open it by a cross-examination of the witnesses of his adversary. (*Thornton* v. *Hook,* 36 Cal. 223; *Braly* v. *Henry,* 77 Cal. 324.) The apparent purpose of these excluded questions in cross-examination was to develop conversation and facts relative to the affirmative defenses, and where such is the apparent purpose of a question on cross-examination, and before the defense has been opened, it is not ground for reversal to exclude it, even though its answer might also tend to test the memory of the witness or be in some other way useful to the adversary. Greenleaf lays down the rule thus: ''A party, however, who has not opened his own case, will not be allowed to introduce it to the jury by cross-examining the witnesses of the adverse party.'' (Greenleaf on Evidence, sec. 447.) We think that these questions on the cross-examination of Highton which were not properly excluded as too general and indefinite, were properly excluded as being in violation of this rule laid down by Greenleaf, and that the court made no error in connection with such cross-examination.

Moreover, Highton was allowed to answer several questions on cross-examination as to the circumstances surrounding

[1] 79 Am. St. Rep. 127.

and conversation had with Baldwin at the time of his being requested to take part in the Ashley case. He gave, as he put it, "the gist or substance of what occurred at the time of my employment; exactly that; neither more nor less." It is plain from a perusal of these answers that if he had been permitted to answer the excluded questions, such answers would have been in direct denial of both the special contract and the suggestion that he wished by his services to partly extinguish his indebtedness to Baldwin. His previous answers were in effect a denial of everything of that kind. What useful purpose could it serve to have this denial repeated?

Other objections urged as to this cross-examination are not thought of sufficient importance to require special notice.

3. Appellant next contends that his objection to the hypothetical question propounded to the expert witnesses testifying to the value of Highton's services in the Ashley case should have been sustained. Appellant's brief does not call our attention to any variance between this question and the testimony of Mr. Highton and others upon which it is founded. The expressions used in it, against which complaint is made, of "accumulated papers," "number of letters written," "generally familarized himself with the case," etc., seem to be taken from the testimony of Highton in describing the work he had done in the Ashley case, and it was not improper to incorporate these statements into the question with others of a more specific nature.

The concluding portion of the question, "what in your opinion is the reasonable value, including a reasonable retaining fee, of the professional services of Mr. Highton to Mr. Baldwin in the action aforesaid?" was proper. In estimating the value of an attorney's services it is proper to include in the consideration a reasonable retaining fee. (*Knight* v. *Russ,* 77 Cal. 410.)

4. The hypothetical questions propounded to the expert witnesses on cross-examination and excluded were not confined in any instance altogether to facts appearing in the evidence, but assumed facts not in evidence, and for that reason, if for no other, were properly excluded.

5. The motion for a nonsuit as to the first cause of action, which was for services in the Ashley case, was properly denied. The testimony of Highton showed that those services had been

performed at the request of Baldwin, and that no price for the services was agreed upon, and that his attempts to have the amount of his compensation adjusted by agreement with Baldwin before bringing the suit were of no avail. Upon the theory of the truth of Highton's testimony, plaintiff was entitled to recover on the first count of his complaint the reasonable value of Highton's services in the Ashley case, and hence the motion for a nonsuit was properly denied. The statement in the former opinion in this case that "the complaint as to this matter should have counted upon the agreement, as alleged in defendant's answer, and as proven at the trial," was not concurred in by a majority of the court (*Roche* v. *Baldwin,* 135 Cal. 525), and is not the law of the case. The plaintiff based his complaint upon his own theory of the facts, and the trial court has found that his theory is correct, and that the defendant's theory of the facts is wrong, and thus the facts have been settled, and are not to be further questioned.

6. The appellant urges a general objection to the court's "action upon instructions to the jury asked for by plaintiff, excepted to by defendant, and those asked to be given by defendant and modified and refused by the court." Wherein the instructions are not in harmony with any principle of law is not pointed out to us, and we deem it sufficient to say in reply to such an indefinite complaint that there is nothing in it.

We advise that the judgment and order be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.