THOMAS F. HOUREN, Appellee, *vs.* THE CHICAGO, MIL-
WAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed December 15, 1908.*

1. NEGLIGENCE—*negligent act may be proximate cause though
particular injury could not be foreseen.* To render a negligent act
the proximate cause of an injury it is not essential that the par-
ticular injury which resulted might have been foreseen by an ordi-
narily prudent man, and it is sufficient if injuries of the character
of the one which resulted might have been so foreseen.

2. SAME—*damage by fire is not too remote to be proximate re-
sult of a blockaded crossing.* Damage caused by the spreading of
fire, due to the inability of the fire department to reach the fire
because of the blockading of a street crossing by a string of freight
cars having no engine attached, is not too remote to be regarded
as the proximate result of the railroad company's negligence in
blockading the crossing.

3. RAILROADS—*what does not excuse liability for blockading a
crossing.* The fact that two policemen who were present when the
fire department reached a blockaded crossing on the way to a fire
knew that the freight cars, if uncoupled at the crossing, would run
down the grade enough to clear the crossing without waiting for
a locomotive, does not excuse the railroad company from liability
for the result of its unlawful act in leaving the street blockaded.

4. SAME—*when railroad company is liable for loss by spread of
fire.* If a railroad company unlawfully blockades a street crossing,
thereby delaying the fire department in reaching a fire, and but for
such delay the department would have reached the fire in time to
have prevented it from spreading to another building, the block-
ade is to be regarded as an intervening and concurrent cause of
the burning of such building, and the railroad company is liable,
since its unlawful blockading of the street is negligence as a mat-
ter of law.

5. SAME—*when proof to absolute certainty is not required.* The
fact that it is not possible to prove with absolute certainty that a
fire department would have prevented the spread of a fire had it
not been delayed by a blockaded crossing does not preclude a re-
covery, where it appears that if the crossing had not been block-
aded the department would have reached the fire nearly twenty
minutes before it spread to the plaintiff's building, that a fire hy-
drant was conveniently located, and that on account of the weather
conditions the fire burned slowly.

6. APPEALS AND ERRORS—*question of the validity of a statute is waived by appeal to the Appellate Court.* The question of the validity of a statute is waived by appealing to the Appellate Court and taking the judgment of that court upon questions which that court had power to determine.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding.

This is an appeal by the Chicago, Milwaukee and St. Paul Railway Company from a judgment of the Branch Appellate Court for the First District affirming a judgment for the sum of $600 recovered by Thomas F. Houren for his own use and for the use of the Buffalo Commercial Insurance Company, appellee, in the municipal court of Chicago, in an action for damages for the destruction of a dwelling house owned by appellee, by fire, which destruction is alleged to have been caused by the negligence of appellant. The Branch Appellate Court granted to appellant a certificate of importance.

The negligence of appellant charged by appellee is set out in the following bill of particulars filed in the municipal court: "Plaintiff's claim is for loss and damage by fire sustained by him to his frame building which formerly stood on rear of lot 12, block 21, being the north-west corner of Sixty-third and Bloomingdale·avenues, Chicago, Cook county, Illinois, (Galewood,) and which was destroyed by fire on the morning of October 3, 1906, through no fault or neglect of the plaintiff but by reason of the negligence of the defendant in blocking and closing of the crossing at Sixty-third avenue and said defendant's railroad tracks, in the said city of Chicago, Cook county, Illinois, by leaving and permitting to remain across said public highway a train consisting of a large number of freight cars belonging to or in the charge, custody and control of the defendant,

whereby the fire department of the said city of Chicago were detained and prevented from passing over said public highway for a long space of time, and in the meantime the fire, which was in an adjacent building, was communicated to the plaintiff's building and destroyed and damaged same, whereas had the said fire department been able to pass over said crossing upon arriving there, the fire would have been extinguished before it was communicated to plaintiff's property, and by reason of such negligence," etc. *Ad damnum* $950.

From the record it appears that the building in question was located about one hundred and fifty feet west of Sixty-third avenue, on the north side of Bloomingdale road, in the city of Chicago. It was a small frame cottage. On the west side of this cottage were two frame cottages, each of about the same size as this one. The three were separated by spaces of six feet. At about 1:40 o'clock on the morning of October 3, 1906, the building west of the one here involved was discovered to be on fire. The nearest station of the fire department in this part of the city was located about three miles east. Within five minutes after the fire was discovered an alarm was received at this station, and the men of the department, with an engine, hose-cart, truck and other appliances, started at once for the fire. Both the burning building and the station of the fire department were located on the south side of the railroad tracks of appellant, which ran east and west through this portion of the city. While the shortest route from the station to the fire would have been at all times on the south side of the railway tracks, in order to secure a better road the firemen drove north on Grand avenue until they reached a street north of appellant's tracks, where they turned west. When they turned south they came to a crossing of the appellant's tracks a short distance north of the fire. They found this crossing blockaded by box-cars to which no engine was attached, extending two blocks east and one block west of the crossing.

The cars were coupled together and the brakes were set. Evidence was offered by appellant which tended to show that its track from this point east for some distance was considerably down-grade, and that by uncoupling the train at the crossing and releasing the brakes on the cars those upon and east of the crossing would have moved east without the aid of an engine and the crossing could have thus been opened. With the firemen at the crossing were two policemen, who testified that they knew of these facts and had seen cars moved at this point in that way. The fire apparatus reached the crossing at ten minutes after two o'clock. The firemen immediately notified appellant to remove the cars from the crossing, and it was about thirty minutes later when the engine of the appellant arrived and made an opening at the crossing to let the firemen through. In the meantime Houren's house had taken fire and was entirely destroyed before the firemen could control the fire. This house took fire about 2:35 o'clock, and it is not disputed that if the crossing had not been blockaded the firemen would have reached the scene of the fire about 2:12 o'clock. It was a damp, foggy night and there was no wind blowing. Immediately east of the burning buildings, on the corner of the same block, was located a two-way fire hydrant, to which the firemen attached hose after they arrived.

At the close of all the evidence the court denied the motion of appellant for a directed verdict. A number of errors have been assigned.

O. W. DYNES, (JOHN A. RUSSELL, of counsel,) for appellant:

The question of proximate cause is a question of law for the court where the facts are undisputed. *Seymour* v. *Stock Yards Co.* 224 Ill. 579.

A defendant can be held for only those consequences of a negligent or unlawful act which might have been foreseen and expected as the reasonable result of such negligence or

unlawful act. *Railroad Co.* v. *Siler,* 229 Ill. 395; 2 Parsons on Contracts, 456; *Schmidt* v. *Mitchell,* 84 Ill. 195; *Fent* v. *Railway Co.* 59 id. 351; *Railway Co.* v. *Muthersbaugh,* 71 id. 572; *Rock Falls* v. *Wells,* 65 Ill. App. 563.

The only cases where railway companies have been held liable to the owners of property burned for interfering with and delaying the work of the city fire departments are where the railway company had knowledge of the fire, and interfered knowingly at the place and time of the fire with successful efforts then actually being made by a fire department. *Metallic Co.* v. *Railroad Co.* 109 Mass. 277; *Electric Co.* v. *McCaskill,* 70 L. R. A. 680; *Mott* v. *Railroad Co.* 1 Robt. 585.

BATES, HARDING & ATKINS, for appellee:

The statutes of Illinois prohibit a railroad company from obstructing a public highway for more than ten minutes by stopping any train upon it or by leaving any cars or locomotives standing on its track where the same crosses a public highway, and the non-performance of this statutory duty on the part of the defendant, which resulted in injury to this plaintiff, is negligence as a conclusion of law. *Railway Co.* v. *Mochell,* 193 Ill. 211; *Railroad Co.* v. *Voelker,* 129 id. 540; *Railroad Co.* v. *Goyette,* 133 id. 21; *Morris* v. *Stanfield,* 81 Ill. App. 264; *Belleville* v. *Hoffman,* 74 id. 503; *Railway Co.* v. *Gunderson,* 174 Ill. 495; *Railway Co.* v. *Thew,* 159 id. 535.

The blockading of the street by the railroad company in this case, and the gross negligence of the railroad company, resulted in the destruction of the plaintiff's property, and for that destruction the railroad company is liable. *Rock Falls* v. *Wells,* 169 Ill. 224; *Joliet* v. *Shufeldt,* 144 id. 403; *Metallic Co.* v. *Railroad Co.* 109 Mass. 277; *Electric Co.* v. *McCaskill,* 70 L. R. A. 680; *Kiernan* v. *Construction Co.* 170 Mass. 378; *Scott* v. *Hunter,* 46 Pa. St. 192; *White* v. *Railroad Co.* 5 Dill. 429.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In support of the motion for a directed verdict it is said that there is no evidence tending to show that the obstruction of the street by the appellant was the proximate cause of the destruction of the house owned by Houren. Paragraph 77 of chapter 114, Hurd's Revised Statutes of 1908, forbids a railroad company obstructing a public highway, by stopping any train thereon, for a longer period than ten minutes. Appellant's train was standing over the street in violation of this statute. Appellant regards the damages as being too remote to be considered the proximate result of this violation of the law, and contends that a prudent and experienced man, fully acquainted with all the circumstances which existed at the time the train was left upon the street, would not have thought it reasonable that the house in question would have been destroyed by fire as a consequence of the obstruction of the street, and that for this reason the damages are not such as could be recovered on account of the unlawful act in question. It is not necessary that the burning of this particular house could have been foreseen. It is only damages of the character of those which occurred, to-wit, damages by fire, that must have been within the range of the consequences of the act reasonably to be expected. It seems clear to us that if a prudent man of experience had reflected upon the probable consequences of entirely closing up this street in a great city he would have foreseen, first, that to so close the street would obstruct and delay public travel thereon; second, that among the travel liable to be so obstructed and delayed would be the passage of teams, engines and other appliances of the fire department; third, that if the travel of the fire department was so obstructed and delayed, any fire which the men of that department were seeking to reach would be more extensive and do greater damage than if the obstruction and delay had not taken place.

236—40

It is then contended that the fire, and not the obstruction of the street, was the proximate cause of the destruction of the building. The fire began in the cottage next to the one here involved, and the fire, in fact, did destroy the Houren building; but if the obstruction occasioned the delay, and if but for the obstruction the fire department would have been able to control and extinguish the fire before it reached this building, then the obstruction is to be regarded as an intervening and concurrent cause of the burning of the building, and in law would, with the fire itself, form the proximate cause, and appellant, under such circumstances, would be liable even though the fire might be regarded as the primary cause. *City of Rock Falls* v. *Wells,* 169 Ill 224.

It is then said that the policemen who were present at the obstruction when the fire engine reached there knew that by uncoupling the cars and releasing the brakes the cars would, on account of the slope of the track, move off the crossing without any propelling force other than the force of gravity, and that appellant could not be expected to foresee that the policemen, in the event of the fire department's teams and vehicles approaching the crossing, would fail to adopt this measure to get the cars off the street. This is entirely too far-fetched. It was not the business of the police to keep the cars off the street; and, besides, there is nothing in this record to indicate that a reasonable man might not have supposed that the result of so setting the cars in motion would result in greater disaster than would the delay of the fire department. The evidence shows that when the teams reached the obstruction they had been running several miles and were very much exhausted. There is proof which tends to show that, passing to the east or west of the crossings obstructed by this train of cars, another railroad crossing, over which the men with the fire equipment could have passed to the south, would not have been reached until they had gone several blocks from the

crossing at which they waited. The firemen might reasonably have expected to be able to obtain the assistance of an engine of appellant within a short time to remove the cars unlawfully upon the street.

It is next contended that there is no proof that the firemen would have been able to prevent the flames destroying the building had the delay not occurred. It is not possible to prove absolutely what the result of the fire department's efforts would have been had the progress of the men not been delayed. The proof is, however, that a fire hydrant belonging to the city was conveniently located, and that the department, had the delay not occurred, would have been fully equipped to fight the fire in the ordinary way. The men, with the engine and other appliances of the fire department, reached the blockade not later than 2:10 A. M., and but for the obstruction they would have reached the fire in two or three minutes thereafter. The Houren cottage did not take fire earlier than 2:30 A. M., and except for the unlawful act of appellant the fire department would have been on the scene of the fire at least seventeen minutes before that cottage began to burn. On account of the weather conditions the fire burned slowly. The cottages were small wooden buildings, fourteen by twenty feet in dimensions, and a story and a half in height. We fail to see how it can be reasonably argued that this proof does not tend to show that the fire department would have been able to prevent the destruction of the building had no delay occurred at the crossing. So far as this particular question is concerned, the case is not different from *Kiernan* v. *M. C. Co.* 170 Mass. 370, where the fire department, in attempting to attach a hose to a hydrant, were unable to do so on account of certain acts of the defendant. In that case a recovery was permitted for property which might have been saved had the firemen been able to promptly connect a hose with the hydrant, and there, as here, it could not be said with absolute certainty that they would have been able to

prevent the destruction of plaintiff's property had no interference occurred.

It is urged that there is a variance between the proof and the statement of the cause of action filed, in reference to the location of the property which was destroyed. No such variance was pointed out in the municipal court, where the difficulty, if it existed, could have been readily obviated by an amendment. The point will therefore not be considered here.

The violation of the statute was negligence as a matter of law. In this respect the case is distinguished from those upon which appellant principally relies. As was well said by the Branch Appellate Court herein, the case is "as if the defendant had, at the moment when the fire department was about to pour a flood of water on the original fire, interposed by superior force, directly applied, to prevent this being done until too late to save the plaintiff's cottage." The motion for a peremptory instruction was properly denied.

The action of the municipal court in taking judicial notice of the existence of an ordinance of the city, general in its nature, which prohibited appellant leaving these cars on this crossing for a period longer than five minutes, is challenged. Paragraph 317 of chapter 74, Hurd's Revised Statutes of 1908, provides that the municipal court shall take judicial notice of such ordinances. Any question that might otherwise arise as to the validity of this statute has been waived by appellant by taking the judgment of the Appellate Court upon other alleged errors.

Complaint is made of a statement of counsel for appellee in regard to what he would prove, which statement was made while he was conducting the examination of a witness. It does not appear that the trial court was given opportunity to act upon any objection in relation thereto.

The defendant's refused instruction No. 2 was, in substance, the same as defendant's given instruction No. 7. Defendant's refused instruction No. 3 was designed to ad-

vise the jury of the considerations to be given weight in
determining whether the blockade of the street was the
proximate cause of the injury. It was not in accord with
the views which have been above expressed in this opinion
and was properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*