[Civ. No. 1837. Second Appellate District.—November 15, 1918.]

WILLIAM E. MacCOY, Respondent, v. H. R. GAGE, Appellant.

PHYSICIANS AND SURGEONS—ACTION FOR SERVICES—EXPERT TESTIMONY —CROSS-EXAMINATION.—In an action to recover the value of a physician's services, cross-examination of an expert witness for the plaintiff as to whether, assuming the existence of facts not shown in evidence, he would alter his opinion as to the value of the services, was properly excluded.

ID.—TAKING OF X-RAY PICTURE.—Where the taking of an X-ray picture could have had no value except for the purpose of a diagnosis, and there was no dispute as to the correctness of the diagnosis, the defendant could not have been prejudiced by the exclusion of the question on cross-examination of one of plaintiff's witnesses whether it was not customary in cases of the character involved to take an X-ray picture.

ID.—CROSS-COMPLAINT FOR MALPRACTICE — EVIDENCE — OPINION OF TRAINED NURSE.—In such action, where the defendant by cross-complaint set up a cross-complaint for damages for malpractice by

the improper treatment of a fractured femur, the testimony of a trained nurse, who attended the patient under the direction of the defendant, as to what she had observed other physicians do in like cases, was properly excluded, and her opinion as to what she considered good or customary treatment was incompetent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellant.

H. T. Morrow, for Respondent.

JAMES, J.—The plaintiff, a licensed physician and surgeon, brought this suit to recover the sum of one thousand dollars, alleged to be the reasonable value of professional services rendered by him to the defendant. Defendant filed a cross-complaint seeking to recover damages which he alleged he had sustained by reason of unskillful treatment which he had received at the hands of the plaintiff. The jury sitting in the case found for the plaintiff in the full amount prayed for in his complaint and against the defendant on his cross-complaint. Defendant has appealed from the judgment, relying upon various errors of law which he asserts were committed by the trial court in the course of the proceedings.

From the evidence, as set out in the bill of exceptions, it appears that the plaintiff, in May, 1910, was called upon to attend the defendant, whom he found suffering from a fracture of the upper portion of the upper leg bone, or, as it was phrased by the professional witnesses, a "fracture of the neck of the femur." At his first visit the plaintiff adjusted the broken part and applied a weight to the limb. A trained nurse was called to attend the case and the plaintiff continued his ministrations during several months and until the defendant was able to move about on crutches. It was shown that the patient later became able to walk, even without the aid of a cane, at least for short distances. The plaintiff made about eighty-five visits to the defendant. During the time he attended him he was called upon to prescribe for other conditions than the broken bone, to wit: Pneumonia and rheumatism. From all of the medical testimony, even that produced

38 Cal. App.—43

by the defendant, it appears that so far as the fracture was concerned, the results obtained by the plaintiff were better than the average. Under the evidence as presented, it is very clear, of course, that the matter of the value to be placed upon the services rendered by the plaintiff to the defendant was one exclusively for the jury. Counsel for appellant first complains of the ruling of the trial judge sustaining objections to certain questions asked by him upon cross-examination of plaintiff's witnesses. Two witnesses for the plaintiff, Drs. Barton and Thorpe, were asked to state their opinion as to the value of the services rendered by the plaintiff. What these services had been were detailed in the questions. On cross-examination of the witness Barton, counsel for appellant, assuming other matters not shown in evidence, inquired as to whether the witness would alter his opinion as to the value of the services. Objection was properly sustained to this question, for the facts assumed did not appear in evidence. (*Roche* v. *Baldwin,* 143 Cal. 192, [76 Pac. 956].) The same witness was asked, on cross-examination, to which question objection was sustained, as to whether it was not customary in cases of the character involved to take an X-ray picture. If we were to concede that the trial judge should have allowed the question to be answered, we cannot see how any prejudice has resulted to the defendant by the sustaining of the objection. Concededly the taking of an X-ray picture was only valuable for purposes of diagnosis, and it seems very clear that the diagnosis made by the plaintiff without the aid of the X-ray was the correct one. More than this, the matter of the value of X-ray pictures was fully gone into in the testimony introduced later in the case. So we think, also, that the refusal of the court to permit counsel for appellant to require the same witness to give in detail what he considered proper treatment to a patient under the circumstances shown was without error prejudicial to the defendant. The facts upon which the witness had given his opinion as to the value of the services were all embodied in the hypothetical question, and it was upon those facts that the witness answered and was then turned over to the defense for cross-examination. The court did not debar the defendant from cross-examining upon all matters contained in the hypothetical question, and it was within the

court's discretion to refuse to allow the witness to enter upon a discussion, possibly lengthy, as to a course of treatment, not included within the facts as shown and upon which he based his opinion. The question asked of the witness Dr. Thorpe by counsel for defendant, to which objection was sustained, did not correctly narrate the conditions shown by the hypothetical question which was the basis of the witness' first answer, or conditions shown by the testimony. The objection to that question was, therefore, properly sustained. (*Roche* v. *Baldwin, supra.*) There was no error in sustaining objections to questions asked of witness Thatcher, who was a trained nurse and the nurse who had attended the defendant under the direction of the plaintiff. The questions all went to the point as to what the witness had observed other physicians do in like cases, or what she considered good or customary treatment. We do not think that the opinion of the trained nurse was competent evidence to show that the treatment administered by the plaintiff was improper. Complaint is made of an instruction given by the court which advised the jury that the law required the defendant and cross-complainant to "prove by a preponderance of the evidence, the same as any other matter or matters in the case," the things relied upon to show lack of skill or care on the part of the plaintiff. The argument is that by the phrase, "the same as any other matter or matters in the case," the intimation of the court to the jury was that all matters of defense should be so established, and that it was not incumbent upon the plaintiff to prove facts relied upon by him by a preponderance of the evidence. While the instruction is somewhat loose in its phraseology and perhaps not as carefully guarded as it should have been, we do not think that it by any means follows reasonably that the jury was misled by it. There was nothing in any of the other instructions given by the court carrying out the idea that the burden rested wholly upon the defendant to defend against the plaintiff's issues, or that upon a mere balance of the weight of evidence the plaintiff would be entitled to recover. We do observe that the court failed to give any express or precise instruction advising the jury that the burden of proving his case by a preponderance of the evidence rested with the plaintiff. But we find that no such instruction was offered and refused.

A very careful perusal of the record submitted compels the conclusion that in this case there was no miscarriage of justice.

The judgment appealed from is affirmed.

Conrey, P. J., and Myers, J., *pro tem.,* concurred.