[Civ. No. 19770. Second Dist., Div. Two. Dec. 8, 1953.]

RUTH MORAND, Appellant, v. SEASIDE MEMORIAL HOSPITAL OF LONG BEACH (a Corporation) et al., Respondents.

Russell H. Pray for Appellant.

Gibson, Dunn & Crutcher and Sherman Welpton, Jr., for Respondents.

MOORE, P. J.—From a judgment for defendants in an action for damages for personal injuries, plaintiff appeals.

One evening, appellant stepped out of her trailer home, fell forward, landing at least on one outstretched hand, and suffered a severe fracture of her left wrist. She went to respondent hospital where her doctor placed the wrist in a cast. While being transferred from the cast table to a wheel chair by respondent orderly, appellant slipped or was dropped to the floor. Subsequently it was noted that she had recently sustained a dislocation and fracture of the right shoulder which was then treated by her physician. Appellant filed this action alleging that the shoulder injury occurred as a result of the negligence of the orderly. The court found as follows: the orderly was a servant and agent of the hospital; appellant was intoxicated, which fact was known to respondents who failed to use reasonable care in handling appellant; as a result of their failure, appellant slipped from the arms of the orderly and fell to the floor; the injury to appellant's right shoulder was not a direct and proximate result of such negligence. From these findings it may be inferred that the court found also that the shoulder injury occurred prior to appellant's entrance into the hospital.

Appellant now contends that the finding that she suffered no injuries as a result of the negligence of respondents is without support in the evidence.

The trial court's findings are conclusive on appeal if there is substantial evidence to support them. An appellate court will view the evidence in the light most favorable to the respondent; will not weigh the evidence, and will indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

There was considerable conflicting evidence introduced as to the actual and possible condition of appellant on her entrance into the hospital. She argues that all the evidence which tends to support the finding either cannot by any possibility be true or that it is inherently incredible and hence must be disregarded. Such is not the fact, as the record discloses.

The orderly testified that prior to the fall, while moving appellant to and from the X-ray room, she would not allow him to touch either of her arms and that she complained of pain in both. He testified also that at the time of the alleged injury, appellant slipped to her knees, but her shoulder never touched the floor. The only other witness to testify concerning her fall to the floor did not know exactly how appellant fell, because his view was partially obstructed.

The resident doctor testified that he first saw appellant out of the corner of his eye in the company of two men in the receiving room; when he next saw her she was lying on an examining table; she complained of pain in her left wrist and right shoulder; he noted the fractured wrist and attempted to examine her shoulder but was prevented from doing so by her husband who stated: "I just want the left wrist taken care of; that is why she was brought here to the emergency room." Also, the physician testified that the type of injury the shoulder received would be produced by a forward fall on an outstretched arm, not by toppling over onto the shoulder with the arm held in close to the side.

The surgeon who treated the injuries testified that the dislocated shoulder was clearly visible when appellant was in the wheel chair following her fall in the cast room; that he had previously seen her only while lying down when such a dislocation is not visually obvious. Such testimony is sufficient to support the findings.

Appellant makes much of her testimony that prior to the fall in the hospital she complained only of her wrist's paining her; that she supported the left wrist with the right arm, and that she put on a coat unassisted prior to the trip to the hospital. But there is testimony from one of the doctors to the effect that where there is more than one injury, a person is often conscious of only one and does not realize the second exists until the pain of the first subsides. Be that as it may, appellant's argument goes only to the weight to be given conflicting evidence, not its inherent incredibility.

█ As a second ground for reversal appellant contends: "The failure to find on the question of plaintiff's damages is inconsistent with the other findings of negligence and error. Where the court finds that there is liability on the part of defendant to the plaintiff it is reversible error to refuse to award compensatory damages." This proposition indicates a lack of understanding of the record. The court *did make a finding* on the question of damages, namely, that as a proximate result of defendants' negligence, appellant was not made sick, sore or lame, nor was she injured in her right shoulder nor did she suffer shock, nor was she damaged; nor was she required to have hospitalization or medical or X-ray care. From such findings the court concluded there was *no liability* on the part of respondents. In support of her contention, appellant cites 15 American Jurisprudence 795, section 356. That section contains the pronouncement, evidently overlooked, to wit, "There must be proof that the damage sought to be recovered has occurred, that it was caused by the wrong of defendant." The court determined that no injury to appellant was caused by respondents. Hence, appellant is not entitled to recover.

*Bowers* v. *Olch,* 120 Cal.App.2d 108, 114 [260 P.2d 997]; *Spencer Kennelly, Ltd.* v. *Bank of America,* 19 Cal.2d 586, 589 [122 P.2d 552], cited by appellant, are not pertinent.

Judgment affirmed.

McComb, J., and Fox, J., concurred.