[S. F. No. 19045.   In Bank.   Oct. 29, 1954.]

WARREN NELSON, Appellant, v. JOHN H. BLACK et al., Respondents.

Leonard J. Bloom, James M. French, Kennedy & Bloom and Kenneth W. Larson for Appellant.

Boyd, Taylor & Reynolds and M. K. Taylor for Respondents.

EDMONDS, J.—Warren Nelson sued John Black for damages for injuries assertedly resulting from an automobile accident caused by the negligence of Black. By his answer, Black admitted liability ''for any and all damages sustained by the plaintiff proximately resulting from the accident.''

The appeal is from a judgment for Black entered upon the verdict of a jury.

The accident occurred when Nelson's pick-up truck, while stopped at an intersection, was struck from behind by Black's automobile. According to Nelson, the impact threw his head against the rear of the cab.

Nelson contends that the evidence, as a matter of law, establishes a compensable injury proximately resulting from the accident. He claims that, as the result of the impact, he was partially or totally disabled for some time and incurred medical and hospital expenses amounting to more than $600. But there was no objective manifestation of injury, and the testimony of the medical experts presented by him was based entirely upon his statements to them in regard to headache and other pain which he assertedly suffered.

Nelson received a medical discharge from the United States Navy for "nerves and sleep walking." One physician testified that his condition after the accident was due to "a pre-existing quality of the emotional stability of his personality." The record includes evidence tending to prove that he had been at work on days when he claimed to have been unable to do so. ■ From the conflicts in his own testimony and with other evidence in regard to the nature of the medical treatment he received, the extent and duration of his asserted disability, and his physical condition prior to the accident, the jury reasonably could have concluded that he testified falsely concerning those matters. Having so determined, it could have disregarded his entire testimony (Code Civ. Proc., § 2061, subd. 3), concluded that he suffered no injury, and found all of his subjective complaints to be false.

The jury returned a verdict "in favor of defendant, John H. Black." In that form, Nelson argues, it was "void as uncertain and unresponsive as a matter of law." His argument is that, since Black admitted liability for damages for any injury proximately resulting from the accident, it is impossible to determine whether the jurors disregarded the pleadings and erroneously undertook to determine the question of liability or accepted such liability but concluded that no damage was suffered. If it were the latter alternative, he asserts, the proper form of the verdict would be one for the plaintiff assessing either nominal damages or "no damages."

■ As an essential part of Nelson's case, it was incumbent upon him to prove an injury proximately resulted from

614

Black's negligence and the extent of his damages. (*Morand v. Seaside Memorial Hospital*, 121 Cal.App.2d 745, 748 [264 P.2d 96]; *Tremeroli* v. *Austin Trailer Equip. Co.*, 102 Cal. App.2d 464, 480 [227 P.2d 923]; *Cf. Commercial Union Assur. Co.* v. *Pacific G. & E. Co.*, 220 Cal. 515, 523 [31 P.2d 793].) The jurors were so instructed. ■ They were also told that "the defendant has admitted legal liability for any injury plaintiff may have suffered proximately resulting from the accident in question. By virtue of that admission, the only issue for you to determine or that is submitted to you is the one that requires you to determine what injury to plaintiff, if any, has been caused and the amount of damages, if any, that he is entitled to recover for compensation." Otherwise stated, the jury was instructed to return a verdict in favor of Nelson assessing the amount of any damages sustained by him. They were told to return a verdict for Black if they determined that Nelson suffered no damages as the proximate result of the accident. The instructions were clear, and the verdict was in the form directed.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER J.—I concur in the judgment of affirmance because I believe the only issue to be determined—damages—was one of fact, and even though plaintiff's testimony as to the nature and extent of his injuries was uncontradicted, the jury was not required to believe such testimony and give him an award of damages based thereon. In this connection I reiterate the views expressed in my dissenting opinion in *Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834], where the majority of this court held to the contrary—holding as a matter of law that the trier of fact was required to accept the testimony of plaintiff as to the manner in which an accident happened in which she was injured.

It has always been my view that determination of issues of fact is for the trier of fact and that this court is bound to accept such determination unless it can be said that there is no evidence of any substantial nature to support it. And in cases such as this, where it is claimed that the determination is contrary to the undisputed testimony of a party to the action, we must nevertheless accept such determination for the reason that the trier of fact is not required to believe such testimony.