[Civ. No. 24254. Second Dist., Div. Two. Feb. 23, 1960.]

PETER CHAPARKAS, Appellant, v. RONALD P. WEBB et al., Respondents.

Sam Houston Allen for Appellant.

Gilbert, Thompson & Kelly and Jean Wunderlich for Respondents.

KINCAID, J. pro tem.*—This case concerns an automobile accident occurring November 22, 1956. The plaintiff, Peter

*Assigned by Chairman of Judicial Council.

Chaparkas, was driving his 1949 Hudson automobile and his wife and coplaintiff, Josephine, was riding with him. Count I of the complaint sought damages for Peter for injuries to his person, hospital and medical expenses, loss of earnings and destruction and loss of use of his automobile. Count II concerned Josephine and sought general and special damages arising out of injury to her person. Defendants denied negligence and asserted the defense of contributory negligence as to plaintiffs.

The trial was had before a jury resulting in the following verdict: "We, the jury in the above entitled action, find for the plaintiff, Peter Chaparkas, and assess his damages in the sum of $ None, and for the plaintiff, Josephine Chaparkas, and assess her damages in the sum of $4500.00.

"As to each said plaintiff, our findings and award of damages are against the defendants Ronald P. Webb, Guy S. Webb and Mildred Webb."

The appeal before us is by Peter only. Defendants concede that the verdict and judgment in favor of Josephine establishes a finding of absence of contributory negligence on the part of Peter.

The effect of the verdict as returned is that the accident, and resulting damages, if any, were caused solely by the negligence of defendants and without fault on the part of plaintiffs. As to Peter the jury, as trier of the facts, found that he had sustained no injuries or damages proximately caused by or resulting from the negligent acts of defendants in the accident in question. (*Morand* v. *Seaside Memorial Hospital*, 121 Cal.App.2d 745, 748 [264 P.2d 96].)

Peter contends the verdict and resulting judgment are contrary to the evidence so as to require a finding of damages in his favor. Defendants assert this plaintiff failed to show with reasonable certainty any injuries or damages; that the evidence as to these matters is so vague and uncertain as to entitle the jury to disregard or disbelieve it.

The rule is established that the plaintiff has the burden of proving, with reasonable certainty, the damages actually sustained by him as a result of the defendant's wrongful act, and the extent of such damages must be proved as a fact. The burden thus placed on the plaintiff is in no way lessened by his presentation of a prima facie case of negligence against the defendant. (*Commercial U. A. Co.* v. *Pacific G. & E. Co.*, 220 Cal. 515, 523 [31 P.2d 793]; 14 Cal.Jur.2d 648, § 19.)

■ While a defendant is liable for all the damage that his tortious act proximately causes to the plaintiff, regardless of whether or not it could have been anticipated, nevertheless a proximate causal connection must still exist between the damage sustained by the plaintiff and the defendant's wrongful act or omission, and the detriment inflicted on the plaintiff must still be the natural and probable result of the defendant's conduct. (*Wells* v. *Lloyd*, 6 Cal.2d 70, 86 [56 P.2d 517]; *Chidester* v. *Consolidated P. Ditch Co.*, 53 Cal. 56, 57; 14 Cal.Jur.2d 672, § 43.)

■ Plaintiff designates four areas of damage in which he claims his proof meets the requirements of the foregoing rules. These are general damages, special damages for medical expenses, loss of earnings and injury to and loss of use of his automobile. In support of his position plaintiff directs our attention to certain evidence a reading of which bears out the contentions of defendants as to its vagueness and uncertainty.

The record of the case discloses the following: The investigating officer testified he saw no visible injuries on plaintiff but he complained of pain.

Peter testified: "I got hit; throw me out in the street, . . . I just get out, you know, from the car and try to help him. . . . I said I have pains in my neck and shoulder and back here a little bit, but that it don't look like it is severe pain. . . ." His wife was taken to a hospital in an ambulance but Peter rode with the officer. He had X-rays of his back and shoulder and went home. He did not have much pain then but after several days his hands, feet, back and head swelled. After a week or two the soreness went away. Then the pain started again and he consulted a Doctor Stegmair. More X-rays were taken and no broken bones were found. He took heat and osteopathic treatments. He still has pain. "They tell me it is arthritis. . . . I never have had a pain . . . before this accident. I don't blame it all to the accident . . . age, we probably have a little arthritis and never notice it, but the impact activated——." He never had any black or blue marks on his body. He was still swollen when he went to see Dr. Stegmair. He had never been treated before by this or any doctor. He was given heat and osteopathic treatments. Following some three-months' treatment he went to a Dr. Servas. He was there given similar treatment for two months.

Dr. Stegmair testified at length as to the injuries and treatment of Josephine including his professional charges

therefor. He was then shown a bill in the sum of $175 and was asked if this was a reasonable charge for his treatment of Peter. Counsel for Peter then stated he was not going into that matter, withdrew the question and asked that any testimony as to his treatment of this plaintiff be stricken from the record as the trial will finish sooner that way. He offered no medical evidence by Peter's doctor as to any injuries or treatment although he was present and had his notes. On cross-examination the doctor stated that he had treated Peter before the accident.

The examining doctor for defendants testified he examined plaintiff some 15 months after the accident and found him normal in every respect excepting his blood pressure was high. There was no cross-examination by plaintiff.

As to his loss of earnings the record is even more vague. Plaintiff stated he was not working at the time of the accident. He last worked for Powers Painting Company a week or two before the accident at $3.27 per hour. He had been off work on account of the holidays. He did no work for five or six months after the accident except he tried for several hours one day and got tired. His counsel asked him at the trial, about two and a half years after the accident: ''You are able to work pretty well now, aren't you?'' Peter replied: ''I don't say I do. I don't do——I don't say I do. I work a little bit, yes.'' He had worked for four months in Detroit during 1956 but couldn't remember which months. He returned to California in September, 1956, and worked for five or six weeks for Powers. He was working for Powers at the time of the accident on November 22, 1956. ''I had quit the job before the accident happened.'' He did not know where this company was located. An employee of Powers in charge of personnel records was called by defendants. The company records showed Peter to have been employed from October 22 to November 2, 1956, at about $105 per week.

As to damage to his 1949 Hudson automobile, a photograph of it was received in evidence. Plaintiff testified: ''Well, I was to try to fix it and they don't fix it because they say this was over dated.'' He had spent $210 on repairs some months before the accident. ''I tried to sell it. They didn't give me much.'' There was no evidence offered as to the value of the automobile before or after the accident or as to any loss of use. ■ While compensation for loss of use may be an item of damages, proof of value of the use lost must be estab-

lished. (*Tremeroli* v. *Austin Trailer Equip. Co.*, 102 Cal.App. 2d 464, 483 [227 P.2d 923].)

 From the foregoing evidence it is readily apparent that appellant Peter has failed to maintain his burden of proving his injuries or damages with reasonable certainty or, that if he sustained any damages, they were proximately caused by any negligent act of defendants.

As a result of the vague, uncertain and conflicting statements of plaintiff, as well as from the evidence as a whole, the jury as trier of the facts, was free to disbelieve his testimony. The rule in such a situation is stated in *Blank* v. *Coffin*, 20 Cal.2d 457, 461, 462 [126 P.2d 868] : ''The jury, however, is the sole judge of the credibility of the witnesses (Cal. Code Civ. Proc., § 1847; see cases cited in 27 Cal.Jur. 182, § 156) and is free to disbelieve them even though they are uncontradicted if there is any rational ground for doing so. [Citing cases.] In most cases, therefore, the jury is free to disbelieve the evidence as to the nonexistence of the fact and to find that it does exist on the basis of the inference. [Citing cases.] There are many reasons why a jury may refuse to believe a witness. Section 1847 of the Code of Civil Procedure provides : 'A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility.' Section 2061, subdivision 3 of the Code of Civil Procedure provides : 'That a witness false in one part of his testimony is to be distrusted in others.' In passing on the credibility of a witness, the jury is entitled to consider his interest in the result of the case. (See cases collected in 27 Cal.Jur. 180, § 154.)'' See *Davis* v. *Judson*, 159 Cal. 121, 128 [113 P. 147] ; *Lucientes* v. *Bliss*, 157 Cal.App.2d 565, 571 [321 P.2d 526] ; *Tidlund* v. *Seven Up Bottling Co.*, 154 Cal.App.2d 663, 667 [316 P.2d 656].

 Even should we assume that the foregoing evidence would have justified an award of at least nominal damages the judgment herein should not be reversed simply to permit such a recovery. (*Higgins* v. *Grant*, 111 Cal.App. 351, 358 [295 P. 532] ; *Liljefelt* v. *Blum*, 33 Cal.App. 721, 722 [166 P. 384].)

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.