[Civ. No. 58503. Second Dist., Div. One. May 12, 1980.]

VANDERBILT GROWTH FUND, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ARTHUR YOUNG & COMPANY, Real Party in Interest.

630

**COUNSEL**

Greenberg & Glusker, Arthur N. Greenberg and Norman H. Levine for Petitioners.

No appearance for Respondent.

Macdonald, Halsted & Laybourne, Travers D. Wood, Lawrence D. Steckmest, Carl D. Liggio and Eugene R. Erbstoesser for Real Party in Interest.

**OPINION**

**LILLIE, J.**—Petitioners Vanderbilt Growth Fund, Inc., Vanderbilt Income Fund, Inc., and Pegasus Income & Capital Fund, Inc., seek a writ of mandate directing respondent superior court to vacate two orders granting motions of real party in interest Arthur Young & Company (Arthur Young) for summary adjudication of the issues of certain damages in petitioners' action against Arthur Young based on negligence and breach of contract.[1] On March 5, 1980, we issued an alternative writ.

The first cause of action (negligence) of petitioners' second amended complaint alleges: Each of the petitioners is an open end, diversified investment company having its principal place of business in Los Angeles. Arthur Young, an accounting firm, audited the financial statements of each petitioner for the year ending December 31, 1973, and gave its

---

[1]Mandamus lies to review an order granting a motion for partial summary judgment. (See *Field Research Corp. v. Superior Court* (1969) 71 Cal.2d 110, 111-112 [77 Cal. Rptr. 243, 453 P.2d 747]; *Nazaroff v. Superior Court* (1978) 80 Cal.App.3d 553, 557-558 [145 Cal.Rptr. 657].)

opinion dated January 25, 1974, that such financial statements fairly represented the net assets of each petitioner as of December 31, 1973, in accordance with generally accepted accounting principles. In performing the audit and rendering its opinion, Arthur Young breached the duty of care which it owed to petitioners by (among other omissions) failing to discover the inadequacy or nonexistence of the collateral for certain securities owned by petitioners and by failing to determine that certain restricted securities held by petitioners had not been properly valued. But for such breach of duty, petitioners would have discovered the impropriety of certain investments made on their behalf by some of their officers and directors, and would have discovered the existence of a scheme to defraud petitioners which was entered into by such officers and directors and by petitioners' investment advisors. As a "direct and proximate" result of Arthur Young's conduct, petitioners suffered damages totaling $4.21 million, as follows: petitioners failed to discover that their investments in three debentures of Burreson & Company in the face values of $500,000, $350,000, and $650,000, respectively, were worthless until after Burreson had filed a petition for reorganization under the bankruptcy act, at which time it was too late for petitioners to take action to protect said investments, and until after petitioners had invested an additional $500,000 in other worthless securities; petitioner Pegasus Income & Capital Fund, Inc. (PIC) failed to discover that its investment of $900,000 in securities of Oh Boy! Industries, Inc., was worthless or virtually worthless until it was too late for PIC to take action to protect said investment, and until after PIC had invested an additional $1.31 million in other worthless securities.[2]

The second cause of action (breach of contract) incorporates all of the allegations of the first, and alleges in addition: Prior to December 1973, each of the petitioners entered into a separate contract with Arthur Young whereby the latter agreed to act as auditor for each petitioner and each agreed to compensate Arthur Young for its services. Arthur Young breached said contracts by its failure to act with reasonable care or in accordance with generally accepted accounting principles. By reason of such breaches, petitioners were damaged as alleged in the first cause of action and were further damaged in that they paid to Arthur Young, pursuant to the contracts, fees of $18,550, $19,340, and $20,310.

---

[2]The second amended complaint does not state whether the additional worthless securities purchased by petitioners were those of Burreson and Oh Boy! or those of some other corporation or corporations.

On June 21, 1979, Arthur Young moved for summary adjudication of the issue of damages (in both the first and second causes of action) allegedly occasioned by petitioners' purchases of the Burreson securities.[3] Papers were filed in support of and in opposition to the motion. On August 30, 1979, the motion was granted, the court's minute order stating: "The court finds the following issue to be without substantial controversy: [¶] Plaintiff's [petitioners'] Burreson-related damages at trial are zero."

On November 23, 1979, Arthur Young filed another motion for summary adjudication of the issue of damages, this time seeking an order determining that the damages of petitioner PIC in both causes of action allegedly occasioned by its purchase of Oh Boy! securities are zero. Hearing on the motion was scheduled for December 10, 1979. On November 29, pursuant to PIC's ex parte application, the court continued the hearing to December 21, 1979. On December 3, PIC noticed a motion for continuance of the hearing to March 1980 on the ground that PIC needed time for discovery or "further investigation" to ascertain facts necessary to enable it to oppose the motion for summary adjudication of the issue of its Oh Boy! damages. The motion for continuance was denied on December 18, 1979. Papers supporting and opposing the motion for summary adjudication were filed. On December 31, 1979, the court granted the motion, its order stating: "The Court finds the following issue to be without substantial controversy: [¶] Plaintiffs [PIC's] Oh Boy! Industries, Inc., related damages at trial are zero."

Petitioners contend: (1) each of Arthur Young's motions for summary adjudication was improperly granted because triable issues of fact exist on the question whether Arthur Young's negligence prevented petitioners from recovering their Burreson and Oh Boy! damages, and (2) respondent court erred in refusing to grant petitioner PIC a continuance to conduct additional discovery and investigation.

### Burreson Damages

A defendant moving for summary judgment must conclusively negate a necessary element of the plaintiff's case or establish a com-

---

[3]Code of Civil Procedure section 437c provides in part: "If it appears that the proof supports the granting of such motion [for summary judgment] as to some but not all the issues involved in the action. . ., the court shall, by order, specify that such issues are without substantial controversy. At the trial of the action the issue so specified shall be deemed established and the action shall proceed as to the issues remaining."

plete defense, and thereby demonstrate that under no hypothesis is there a material factual issue which requires the process of a trial. (*Tresemer v. Barke* (1978) 86 Cal.App.3d 656, 661-662 [150 Cal.Rptr. 384].) "If the defendants' declarations in support of a motion for summary judgment establish a complete defense to plaintiff's action or demonstrate an absence of an essential element of plaintiff's case, and the plaintiff's declaration in reply does not show that a triable issue of fact with respect to that defense or that essential element exists, no amount of factual conflicts upon other aspects of the case will affect the result and the motion for summary judgment should be granted." (*Frazier, Dame, Doherty, Parrish & Hanawalt v. Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 338 [138 Cal.Rptr. 670].)

In support of its motion for summary adjudication of the issue of petitioners' Burreson damages, Arthur Young submitted petitioners' admissions and answers to interrogatories[4] which showed: petitioners purchased debentures of Burreson in the total amount of $1.5 million between July 10 and October 23, 1973; the value of these debentures (without considering collateral of $10,500 which was transferred to petitioners) was zero at all times from July 10, 1973, to June 10, 1974, when Burreson filed its petition for reorganization under the bankruptcy act; as of October 30, 1973, Burreson was delinquent in interest and principal payments of $1.5 million; its financial condition was "poor and deteriorating"; as of December 31, 1973, Burreson was unable to make payments on its debentures held by petitioners.

Petitioners' second amended complaint alleges that as a "direct and proximate result" of Arthur Young's negligence and breach of contract in performing its audit for the year ending December 31, 1973, each petitioner "failed to discover that a ...debenture of Burreson & Co. in its portfolio was worthless until after Burreson & Co. had filed a petition for reorganization pursuant to Chapter X of the Bankruptcy Act, at which time it was too late for [each petitioner] to take action to protect its said investment...." In support of its motion for summary adjudication of the issue of damages, Arthur Young showed that Burreson and its debentures were worthless before and after Arthur Young's audit, and at all times preceding Burreson's bankruptcy. Thus, regardless of any negligence or breach of contract by Arthur

---

[4]Answers to interrogatories and admissions are among the papers which may be submitted in support of or in opposition to a motion for summary judgment. (Code Civ. Proc., § 437c.)

Young in failing to discover the financial condition of Burreson and its debentures, petitioners could not have recovered or protected their investments in the debentures.[5]

In opposition to Arthur Young's motion, petitioners submitted their own answers to interrogatories in which petitioners stated that if, prior to Burreson's bankruptcy, they had "been aware of the facts surrounding the transaction," they could have recovered all or some of their Burreson investments by: (1) refusing to agree, in March 1974, to a modification of the terms of the debentures; (2) accelerating payment of the debentures and attempting to attach Burreson's assets; (3) preventing Charter Diversified Services, Inc. (the parent corporation of petitioners' investment advisors) from pledging $500,000 paid by petitioners for the debentures, to a bank as collateral for a loan made by the bank to Charter; (4) attempting to prevent or cancel Burreson's transfer to third parties of the notes and trust deeds securing the debentures; and (5) seeking the appointment of a receiver to prevent dissipation of Burreson's assets.

Papers submitted on a motion for summary judgment must be directed to the issues raised by the pleadings. (*Keniston* v. *American Nat. Ins. Co.* (1973) 31 Cal.App.3d 803, 812 [107 Cal.Rptr. 583].) ■■ ■■■ Petitioners' opposition to the motion raised issues outside the complaint, which did not allege that petitioners were damaged by inability to protect their Burreson investments in any of the ways enumerated in the opposition papers.[6] Arthur Young's burden on its motion for summary adjudication was "only to negate the existence of triable issues of fact in a fashion that entitled it to judgment on the issues raised by the pleadings. [Citation.] It was not required to refute [damages] on some theoretical possibility not included in the pleadings." (*IT Corp.* v. *Superior Court* (1978) 83 Cal.App.3d 443, 451-452 [147 Cal.Rptr. 828].)

---

[5]"Debentures are serial obligations or notes representing indebtedness but not ordinarily secured by any specific mortgage, lien or pledge of security." (6A Fletcher, Cyclopedia of Corporations (perm. ed. 1968) § 2636, p. 7.)

Petitioners could not have recovered their investments either from Burreson personally or by recourse to the collateral securing the debentures.

[6]In an action for damages resulting from negligence, a causal connection between the tortfeasor's conduct and the victim's damages must be pleaded and ultimately proved. (*Brown* v. *Critchfield* (1980) 100 Cal.App.3d 858, 866 [161 Cal.Rptr. 342].) The damages which can be recovered for breach of contract are only those which may

Inasmuch as Arthur Young set forth facts showing that petitioners were not damaged by its alleged negligence or breach of contract and petitioners did not show the existence of a triable issue of fact regarding such damages, respondent court properly granted the motion for summary adjudication of the issue of petitioners' Burreson damages.

### Oh Boy! Damages

The second amended complaint alleges that as a "direct and proximate result" of Arthur Young's negligence and breach of contract, PIC "was damaged in that it...failed to discover that $900,000 of securities in Oh Boy! Industries, Inc., in its portfolio were worthless or virtually worthless until a time at which it was too late for PIC to take action to protect its said investment...."

In support of its motion for summary adjudication of the issue of PIC's Oh Boy! damages, Arthur Young submitted PIC's answers to interrogatories in which PIC stated that if it had learned of the "nature of the Oh Boy! transactions" prior to the summer of 1974, "it might have been possible" to recover a portion of the damages resulting from the Oh Boy! investments which PIC could not thereafter recover. However, PIC further stated that it did not know the precise amount of such investments which it could have recovered and that it could not determine "whether or not its causes of action against Oh Boy! and Vitale [Oh Boy!'s president] would have been more valuable had it had knowledge of the facts surrounding the investments in January 1974 (i.e., whether Oh Boy!'s and Vitale's financial condition was such that had PIC Fund immediately entered into settlement negotiations with, or filed a lawsuit against, Oh Boy! and Vitale, it would ultimately have recovered a greater amount from Oh Boy! and/or Vitale)."

---

reasonably be supposed to have been within the contemplation of the parties at the time of entering into the agreement, as the probable result of a breach; other damages are too remote. (*California Press Mfg. Co.* v. *Stafford Packing Co.* (1923) 192 Cal. 479, 483 [221 P. 345, 32 A.L.R. 114].) Recovery may be had for damages not covered by the general liability for breach of contract only where facts are specially pleaded showing that the injury was one reasonably within the contemplation of the parties. (*Shook* v. *Pearson* (1950) 99 Cal.App.2d 348, 352 [221 P.2d 757].)

Petitioners' second amended complaint fails to conform to these rules in that (1) it does not allege any causal connection between Arthur Young's negligence in failing to discover the worthlessness of petitioners' Burreson investments and their inability to protect such investments in any of the ways enumerated in their opposition to the motion for summary adjudication, and (2) it does not allege that the damages thus occasioned were within the contemplation of the parties when they entered into the contracts for Arthur Young's audit services.

■ The purpose of the summary judgment procedure is to penetrate through evasive language and adept pleading and ascertain the existence or absence of triable issues. (*Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 873 [127 Cal.Rptr. 110].) ■ A party claiming damage must prove that he has suffered damage and prove the elements thereof with reasonable certainty. (*Carpenter Foundation* v. *Oakes* (1972) 26 Cal.App.3d 784, 799 [103 Cal.Rptr. 368].) "The rule is established that the plaintiff has the burden of proving, with reasonable certainty, the damages actually sustained by him as a result of the defendant's wrongful act, and the extent of such damages must be proved as a fact." (*Chaparkas* v. *Webb* (1960) 178 Cal.App.2d 257, 259 [2 Cal.Rptr. 879].) Arthur Young's motion for summary adjudication was supported by uncontradicted evidence that PIC could not prove the extent of its Oh Boy! damages allegedly sustained as a result of Arthur Young's negligence and breach of contract.[7] Accordingly, the motion for summary adjudication of the issue of such damages was properly granted.

■ PIC contends that respondent court erred in refusing to order a continuance of the hearing on the motion in order to give PIC time to conduct additional discovery and investigation regarding its alleged Oh Boy! damages.[8] In support of this contention, PIC relies on the following provision of Code of Civil Procedure section 437c: "If it appears from the affidavits submitted in opposition to the motion [for summary judgment] that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as may be just."

The declaration of PIC's attorney in support of its motion for continuance stated that a continuance was necessary for the following reasons: (1) in order properly to oppose Arthur Young's motion for

---

[7]In opposition to the motion, PIC submitted balance sheets of Oh Boy! which showed that as of May 31, 1974, Oh Boy! had a stockholders' equity (net worth) of $171,053, whereas a year later (after PIC discovered the facts surrounding the transaction), it had a stockholders' deficit of $441,213. This showing does not create a triable issue of fact inasmuch as it fails to controvert PIC's statement that it does not know the amount of its Oh Boy! investments which it could have recovered had it been aware, in January 1974, of the facts surrounding such investments.

[8]Mandamus lies to obtain review of an order denying a party the utilization of discovery procedures. (See *Carlson* v. *Superior Court* (1961) 56 Cal.2d 431, 435-436 [15 Cal.Rptr. 132, 364 P.2d 308]; *Flora Crane Service, Inc.* v. *Superior Court* (1965) 234 Cal.App.2d 767, 775 [45 Cal.Rptr. 79].)

summary adjudication, PIC needed additional time "to evaluate financial information in its possession and to take discovery and/or investigation with respect to Oh Boy!'s financial condition during 1974 and other matters"; and (2) PIC was denied the opportunity to conduct such discovery earlier because of à protective order staying discovery.

The complaint herein was filed July 1, 1976. The order staying discovery was made October 13, 1977, and remained in effect until September 1978. Upon the lifting of the stay order the parties, pursuant to order of the court, entered into a discovery schedule. The second amended complaint was filed September 13, 1978. In March 1979 Arthur Young served on petitioners a set of interrogatories; the answers thereto (served on Arthur Young in May and Aug. 1979) revealed that PIC could not prove the extent of its alleged Oh Boy! damages. On October 3, 1979, counsel for petitioners were informed by Arthur Young's attorneys that they were in the process of preparing a motion for summary adjudication of the issue of PIC's Oh Boy! damages. Despite this information, PIC apparently made no effort to discover evidence with which to oppose the impending motion for summary adjudication, eventually served and filed November 23, 1979. Neither the stay order nor the discovery schedule of the parties prevented PIC from making investigation or discovery regarding Oh Boy!'s financial condition in 1974 inasmuch as Oh Boy!, not Arthur Young, possessed such information. Indeed, the balance sheets of Oh Boy! submitted by PIC in opposition to the motion for summary adjudication (see fn. 7) were furnished to it by Oh Boy! in the course of litigation and settlement negotiations between PIC and Oh Boy! PIC did not indicate to respondent court what additional evidence it expected to discover if a continuance were granted. Under these circumstances respondent court reasonably could have concluded that a continuance was not warranted. Too, on the record before us, respondent well might have determined that it was not a matter of lack of time in which to discover evidence going to the proof of PIC's alleged Oh Boy! damages but that such evidence did not in fact exist.

The granting or denial of a continuance to permit discovery is a matter which is left to the sound discretion of the trial court and an appellate court will not interfere with the exercise of that discretion except upon a clear showing that it has been abused. (See *Wiler* v. *Firestone Tire & Rubber Co.* (1979) 95 Cal.App.3d 621, 628 [157 Cal.Rptr. 248].) The record discloses no abuse of discretion by respon-

dent in denying a continuance to allow PIC to conduct further discovery regarding its Oh Boy! damages.

Alternative writ discharged; peremptory writ denied.

Jefferson (Bernard), P. J., and Schwartz, J.,* concurred.

A petition for a rehearing was denied June 9, 1980, and petitioners' application for a hearing by the Supreme Court was denied July 9, 1980.

---

*Assigned by the Chairperson of the Judicial Council.