[No. A051904. First Dist., Div. Five. Nov. 14, 1991.]

FRANCES SNOKE, Plaintiff and Appellant, v.
WILLIAM BOLEN, Defendant and Respondent.

## COUNSEL

Carolyn L. Rosenblatt and Mary McLain for Plaintiff and Appellant.

Murphy, Pearson, Bradley & Feeney, Arthur V. Pearson and Emilia L. Sweeney for Defendant and Respondent.

## OPINION

HANING, J.—Plaintiff/appellant Frances Snoke appeals a summary judgment in favor of defendant/respondent William B. Bolen, D.D.S., in her dental malpractice action. She challenges the trial court's ruling that her action was barred by the statute of limitations. (Code Civ. Proc., § 340.5.)[1]

### FACTS

In November 1986 respondent Bolen, appellant's dentist, referred her to Dr. Paul McKee, an oral surgeon, for extraction of tooth number 5. McKee performed the extraction on January 6, 1987. On January 16, 1987, appellant returned to respondent for preparation of a dental bridge between teeth numbers 4 and 6. While preparing teeth numbers 4 and 6, respondent noted that a perforation had occurred on the distal aspect of the root of tooth number 6, most likely caused by a dental drill. The perforation appeared on an X-ray taken January 16. On approximately January 20 respondent informed appellant of the injury and attempted to seal the perforation. It is undisputed that the perforation occurred sometime between January 6 and January 20, 1987. Respondent performed numerous treatments to salvage tooth number 6 and last treated appellant on December 5, 1988.

On February 26, 1988, appellant filed a complaint for dental negligence naming McKee and 20 Does, alleging that on or about January 6, 1987, she suffered injury to tooth number 6 and to the bone between teeth numbers 5

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

and 6. The complaint further alleges that she was under the care of defendants until January 20, 1987, at which time her injuries were made known to her. On May 19, 1988, respondent wrote to appellant's then counsel, Leonard Shaw, recounting the history of appellant's injury and stating that in his opinion, McKee caused the injury during the extraction procedure and that McKee's treatment was below the standard of care. On May 30, 1989, at appellant's request, respondent sent a similar letter to appellant's new counsel, Carolyn Rosenblatt. This letter also stated that respondent told appellant that when he contacted McKee to tell him of the injury, McKee said he would "take care of the costs" and would contact appellant immediately.

In February 1989 a dental expert appellant retained in connection with the litigation informed her that it could not be determined whether McKee or respondent had caused her injury, but that one or the other must have done so. A second expert confirmed that opinion. On April 21, 1989, appellant amended her complaint to substitute respondent for Doe 1.

Respondent moved for summary judgment on the ground that appellant's action against him was barred by the statute of limitations, and that her substitution of him for Doe 1 was improper. Appellant's unsigned declaration[2] submitted in opposition to respondent's summary judgment motion states that she relied on respondent's assessment of her injury in initiating the action against McKee, and that at no time prior to filing her initial complaint was she aware of any facts indicating any liability of respondent. She further declares that at the time the complaint was filed her knowledge was limited to that which respondent told or suggested to her, i.e., that McKee was solely liable and respondent could not have caused the injury. Additionally, she declares that in February 1989 she first learned that it could not be determined whether McKee or respondent caused the injury to tooth number 6.

The trial court granted summary judgment after determining the action was barred by the statute of limitations and no triable issues of fact existed as to appellant's knowledge of the facts of respondent's conduct at the time the original complaint was filed.

## DISCUSSION

The statute of limitations in "an action for injury or death against a health care provider based upon such person's alleged professional negligence, . . . [is] three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. . . ." (§ 340.5.) It is

---

[2]Because respondent did not object below that the declaration was unsigned, any objection is deemed waived. (§ 437c, subd. (d).)

undisputed that appellant discovered the injury on January 20, 1987. Therefore, the one-year limitations period applied and appellant had one year from that date within which to file her claim, unless the statute was tolled. The statute provides only three circumstances under which the limitations period may be tolled: (1) fraud; (2) intentional concealment; and (3) the presence of a nontherapeutic foreign object in the body. Appellant did not plead any facts to support tolling. Her complaint was filed prior to the attempt to add respondent as a defendant, and her amendment to the complaint was limited to the "Doe" substitution. Appellant did not ask the trial court for leave to further amend her complaint to allege facts supporting tolling of the statute of limitations. Consequently, no issue of tolling is present in this appeal.

Appellant contends triable issues of fact exist as to her knowledge of facts giving rise to a cause of action against respondent. Therefore she argues, the trial court erred in ruling that the amendment of the complaint to substitute respondent for Doe 1 was improper.

"A defendant moving for summary judgment must conclusively negate a necessary element of the plaintiff's case or establish a complete defense, and thereby demonstrate that under no hypothesis is there a material factual issue which requires the process of a trial. [Citation.]" (*Vanderbilt Growth Fund, Inc.* v. *Superior Court* (1980) 105 Cal.App.3d 628, 633-634 [164 Cal.Rptr. 621].)

Section 474 provides, in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ." When a complaint alleges a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from its commencement, and the statute of limitations stops running as of the date the original complaint was filed. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681]; *Hazel* v. *Hewlett* (1988) 201 Cal.App.3d 1458, 1464 [247 Cal.Rptr. 723].)

The reference in section 474 to "[w]hen the plaintiff is ignorant of the name of a defendant" includes situations where the plaintiff "knew the identity of the person but was ignorant of the facts giving him a cause of action against the person, or knew the name and all the facts but was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action." (*Marasco* v. *Wadsworth* (1978) 21

Cal.3d 82, 88 [145 Cal.Rptr. 843, 578 P.2d 90], citations and internal quotation marks omitted; *Hazel* v. *Hewlett, supra,* 201 Cal.App.3d at p. 1464.) ▆▆▆ The plaintiff is not required to exercise reasonable diligence prior to filing the complaint to discover the defendant's identity or the facts giving rise to a cause of action against the defendant, but the lack of knowledge of the true name of a defendant must be "real and not feigned." (*Dover* v. *Sadowinski* (1983) 147 Cal.App.3d 113, 116 [194 Cal.Rptr. 866]; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 947 [154 Cal.Rptr. 472].) "A plaintiff must actually be ignorant of the facts giving him a cause of action against a defendant. Ignorance of the facts is the critical issue . . . . The pivotal question in this regard is did plaintiff know *facts*? not did plaintiff know or believe that [he] had a cause of action based on those facts?" (*Hazel* v. *Hewlett, supra,* at pp. 1464-1465, citations and internal quotation marks omitted.)

In the instant case, respondent argues it is undisputed that at the time the complaint was filed appellant knew that both he and McKee had performed dental work in the region of tooth number 6 during the period of time in which she was injured. He further argues that knowledge of these facts was sufficient knowledge of his identity at the time the complaint was filed and, therefore, he could not be substituted for a "Doe" defendant after the statute of limitations had expired. We agree. Appellant's opposition presented no new facts or evidence unavailable to her at the time her complaint was filed. At the time the complaint was filed, appellant knew that both respondent and McKee had performed dental work in and around the injured tooth. She failed to demonstrate that at the time the complaint was filed she was ignorant of facts having a bearing upon the liability of respondent. (*Dover* v. *Sadowinski, supra,* 147 Cal.App.3d at pp. 116-118.) Summary judgment was properly granted.

Affirmed.

Low, P. J., and King, J., concurred.