[No. B059618. Second Dist., Div. Seven. June 22, 1992.]

SASA TAITO, Plaintiff, Cross-complainant, and Appellant, v.
OWENS CORNING, Defendant;
APEX BULK COMMODITIES, INC., Cross-defendant and Respondent.

## COUNSEL

Lafayette Blair and Marvin L. Mathis for Plaintiff, Cross-complainant and Appellant.

No appearance for Defendant.

McNulty & Saacke and Diane M. Doran for Cross-defendant and Respondent.

## OPINION

**WOODS (Fred), J.**—Plaintiff/employee filed a complaint against a third party for injuries sustained while in the course and scope of his employment. The workers' compensation carrier for plaintiff's employer later filed a complaint in intervention in plaintiff's third party action. Plaintiff was subsequently permitted to file a complaint in intervention in his own third party action, but the court later struck plaintiff's complaint in intervention. Plaintiff appeals from the order striking his complaint in intervention in his own third party action. We affirm.

### FACTUAL AND PROCEDURAL SYNOPSIS

On July 10, 1989, appellant filed a complaint for personal injuries against Owens Corning, John Doe and Does I to X. Appellant alleged that he was physically attacked and beaten by John Doe on January 28, 1989, on premises owned by Owens Corning. At the time of the incident, appellant was acting within the course and scope of his employment as a security guard for Wells Fargo Guard, and John Doe was acting within the course and scope of his employment as a truck driver for Owens Corning.[1]

On May 29, 1990, the complaint was served on respondent Apex Bulk Commodities, Inc. (Apex), named as Doe I.[2] Apex answered the complaint on July 9, 1990. However, it was not until September 13, 1990, that the complaint was amended to name respondent Apex in place of Doe I. Apex filed a motion to dismiss on September 24, 1990, on the ground that

---

[1] Some of these facts are not alleged in the complaint, but we will treat their description in appellant's brief as admissions of the facts. (*DeRose* v. *Carswell* (1987) 196 Cal.App.3d 1011, 1019, fn. 3 [242 Cal.Rptr. 368].) Although appellant claims that the complaint alleged that John Doe was a truck driver for a Doe defendant, the complaint alleged that John Doe was a truck driver for Owens Corning.

[2] This fact is not contained in the record before this court; however, Apex admitted to such service in a motion filed in the lower court.

appellant had failed to name and serve Apex within the one-year limitations period.

On February 14, 1991, the court dismissed the complaint as to Apex.

On September 25, 1990, CNA/Transportation Insurance Company (CNA) filed a notice of lien in the action, and on December 27, 1990, CNA filed a complaint in intervention against Owens Corning, John Doe and Does I to X, seeking reimbursement for workers' compensation benefits paid to appellant.

On March 26, 1991, the court granted appellant's ex parte petition for leave to file a complaint in intervention.

The court subsequently granted Apex's motion to strike appellant's complaint in intervention.

Appellant filed a timely notice of appeal.

### DISCUSSION

The issue presented by this appeal is whether or not an injured worker has a right to intervene in his own third party action following a complaint in intervention by another intervener in the third party action and bring back into the action a Doe defendant who had been previously dismissed from the third party action because of the worker's failure to name and serve the Doe defendant within the one year statute of limitations for personal injuries. (Code Civ. Proc., § 340, subd.(3).)[3]

Since Apex had been previously dismissed from the third party action, the order striking appellant's complaint in intervention finally and adversely determined appellant's rights to proceed against Apex and is appealable by appellant. (Cf. *Timberidge Enterprises, Inc.* v. *City of Santa Rosa* (1978) 86 Cal.App.3d 873, 878 [150 Cal.Rptr. 606].)

Arguing that *Buell* v. *CBS, Inc.* (1982) 136 Cal.App.3d 823 [186 Cal.Rptr. 455] controls this case, appellant contends that an injured worker has a right to intervene when a timely filed complaint in intervention is filed in the worker's third party action in order to pursue all necessary parties. Although that statement is correct, that general principle does not cover the specific case at hand as CNA's complaint in intervention was not timely filed as to Apex.

Apex argues that it is not aware of any authority which allows an employee to file a complaint in intervention in his own action. In essence,

[3]All statutory references are to the Code of Civil Procedure.

*Buell* did just that. In *Buell*, the injured worker sued a third party, but did not serve that party within three years, resulting in the dismissal of the complaint upon motion of the defendant. In the interim, the workers' compensation carrier for Buell's (the injured worker) employer had intervened in the action and had timely served the defendant with its complaint in intervention. The Court of Appeal held that Buell should have been permitted to file a complaint in intervention in the carrier's action (*id.*, at pp. 825-828), thus allowing Buell to intervene in what was originally its own action.

In the present case, on July 10, 1989, appellant filed his complaint against a third party for personal injuries which allegedly had occurred on January 28, 1989. Although not a named defendant, Apex apparently was served as Doe 1 on May 29, 1990. The complaint was not amended until September 13, 1990, to name Apex in place of Doe I. Thereafter, on September 24, 1990, Apex filed a motion to be dismissed from the action on the ground that appellant had failed to name and serve it within the one year limitations period. (Apex's previously filed answer also raised the statute of limitation defense.)

In the superior court, Apex also argued that the amended complaint could not relate back to the original complaint because appellant was aware of its identity when he filed the original complaint.[4] ▊ In order to relate an amended complaint back to the original complaint to avoid the statute of limitations, the plaintiff must be genuinely ignorant of the defendant's identity or the facts rendering the defendant liable when the original complaint was filed. (§ 474; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 602 [15 Cal.Rptr. 817, 364 P.2d 681].) When it appears that plaintiff knew both the person's identity and the facts giving rise to liability when the complaint was filed, but did not name him, that person cannot be served as a Doe after the statute of limitations has run. (*Scherer* v. *Mark* (1976) 64 Cal.App.3d 834, 840-841 [135 Cal.Rptr. 90].)

Apex's motion to dismiss was accompanied by evidence that appellant knew that Apex was the employer of John Doe, the man who inflicted appellant's injuries, at the time of the incident.

CNA filed a complaint in intervention on December 27, 1990, seeking reimbursement for workers' compensation benefits paid to appellant. However, the only named defendant in the complaint in intervention was Owens

---

[4]Since the issue is not raised by the parties, we will assume arguendo that appellant could name Apex as a Doe defendant even though appellant did not state that he was ignorant of the true name of the Doe defendants or allege that the Doe defendants were responsible in some way for the acts complained of. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter *Group 1991*) §§ 6:58-6:61.) Furthermore, the complaint alleges that Owens Corning was the employer of John Doe.

Corning. Apex was not a named defendant in CNA's action. Appellant does not claim that Apex was served with the complaint in intervention, and the record before this court indicates that only appellant's attorney was served with the complaint in intervention. CNA did not amend its complaint in intervention to name Apex in place of Doe I. Not only did CNA not serve Apex within one year of the occurrence of appellant's injuries, but CNA did not even file its complaint in intervention until well after the statute of limitations had run.

The facts here are more closely analogous to those in *Chambers* v. *Santa Cruz City School Dist.* (1987) 193 Cal.App.3d 518 [238 Cal.Rptr. 356]. In *Chambers*, the employee/plaintiff filed a complaint for personal injuries on January 14, 1981, but never perfected service on any defendant. The compensation carrier filed a motion for leave to intervene on December 3, 1984. The defendants later moved to dismiss the complaint on the ground they had not been served within the statutory three years. The court held that where the plaintiff had failed to make a timely service and return, the insurer might not thereafter intervene to prosecute the action on its own behalf. (*Id.*, at p. 520.)

■ We hold that where the employee or the employer sues a third party for the employee's personal injuries which were sustained in the course and scope of employment and neither party files and serves a complaint or complaint in intervention naming a Doe defendant within the one-year statute of limitations for personal injuries or is able to relate an amended complaint identifying a Doe defendant back to a timely filed original complaint, neither party may thereafter prosecute the action against a defendant who was not sued within the statute of limitations. .

### DISPOSITION

The order is affirmed. Respondent Apex to recover costs on appeal.

Lillie, P. J., and Johnson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 3, 1992. Mosk, J., was of the opinion that the petition should be granted.