### In re: HERITAGE BONDS LITIGATION,

Gilbert KIVENSON; David Sinow; Howard Preston; Landgon Parrill; Ray Stits; Barrett Anderson; Laurence Pilgeram; Scott Mckenry; Ralph Allman, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

U.S. TRUST CORPORATION N.A.; U.S. Trust Company of Texas N.A.; Valuation Counselors, Inc.; Valuation Counselors, Inc.; Healthcare Financial Solutions; Zelenkofske Axelrod & Co., Ltd.; O.V. Bertolini; Donald B. Chalker; Stephen P. Goodman; Evan Greenspan; Andrew Kornreich, (Deceased), Estate of; Cary Medill; Emery Rubin, (Estate of); Larry A. Rubin; Herbert Saltzman; Marshall

---

**4.** *Id.* at 997–98.

**5.** *See Indus. Indem. Co. v. Aetna Cas. & Sur. Co.*, 465 F.2d 934, 937 (9th Cir.1972).

Wexler; Jerold Goldstein; Michael Sobelman; Tarrant County Health Facilities Development Corporation; City of Mexico Beach; City of Chicago; Desert Hot Springs Public Financing Authority; Virgil Lim; Clarke Underwood; Robert A. Kasirer; Debra Kasirer; Bistra & Munkacs Holdings Inc.; JDDJ Holdings LP; Health Care Holdings LLC; Carecontinuum LLC; Louis Pontarelli; William Filippone; Leo Dierkman; Alan Pollak; Geri Ostlund; Richard Kuhl; James E. Iverson; Victor P. Dhooge; John M. Clarey; James F. Dlugosh; Edward J. Hentges; Kenneth R. Larsen; Jerome E. Tabolich; Steven W. Erickson; Joel T. Boehm; Sabo & Green; Atkinson Andelson Loy Ruud & Romo; Capital Consulting Group Inc.; Berman & Bertolini Inc., a/k/a Berman & Associates; Sobelman Cohen & Sullivan LLP; Paul R. Ekholm; Kenneth E. Dawkins; Loya Ruud & Romo; Fulbright & Jaworski, Defendants–Appellees.

No. 03–57063.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 16, 2004.

Brian Barry, Los Angeles, CA, for Plaintiffs–Appellants.

Steven W. Bacon, Esq., Hill, Farrer & Burrill LLP, F.X. Sean O'Doherty, Gates O'Doherty Gonte & Guy, Los Angeles, CA, Mark P. Epstein, Esq., Poeschl Kohn & Epstein, Oakland, CA, Francis M. Gregorek, Esq., Wolf Haldenstein Adler Freeman & Herz, San Diego, CA, Fred A. Fenster, Esq., Rutter Hobbs & Davidoff, Los Angeles, CA, Steven R. Skirvin, Dion–Kindem & Crockett, Woodland Hills, CA, John M. Caron, Reback, Hulbert, Mcandrews & Kjar, Manhattan Beach, CA, Thomas E. Francis, Esq., Bohm Francis Kegel & Aguilera, Costa Mesa, CA, Jerrold Evan Abeles, Esq., Friedemann O'Brien Goldberg & Zarian LLP, Los Angeles, CA, John W. Cotton, Esq., Cotton & Gundzik, Los Angeles, CA, Kevin P. McVerry, Esq., Graves, Roberson & Bourassa, Thousand Oaks, CA, Roman P. Mosqueda, Esq., Los Angeles, CA, Gary Kurtz, Law Offices of Gary Kurtz, Woodland Hills, CA, Michael H. Gottschlich, Esq., Barnes & Thornburg, Indianapolis, IN, Leon Small, Kevin W. Alexander, Esq., Gordon & Rees, LLP, San Diego, CA, Diane L. Dragan, Esq., Las Vegas, NV, Charles R. Grebing, Esq., Wingert, Grebing, Anello & Brubaker, San Diego, CA, Daniel M. White, White Noon & Oliver, San Diego, CA, Dennis C. Brown, Esq., Munger Tolles & Olson, Los Angeles, CA, for Defendants–Appellees.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Gilbert Kivenson and numerous other plaintiffs (collectively Kivenson) appeal the district court's dismissal of their complaint against Fulbright & Jaworski on the basis of the statute of limitations. We affirm.

We agree with the district court that because Kivenson was not ignorant of the facts necessary to name Fulbright & Jaworski at the time that the complaint was

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

filed, he cannot rely upon California's Doe pleading practice [1] to avoid the bar of the statute of limitations. Rather, that knowledge precluded relation back of his claim against Fulbright & Jaworski to the date that his complaint was originally filed. *See Fireman's Fund Ins. Co. v. Sparks Constr., Inc.,* 114 Cal.App.4th 1135, 1143–44, 8 Cal.Rptr.3d 446, 452 (2004); *Taito v. Owens Corning,* 7 Cal.App.4th 798, 802, 9 Cal.Rptr.2d 687, 689 (1992); *Snoke v. Bolen,* 235 Cal.App.3d 1427, 1430–32, 1 Cal. Rptr.2d 492, 493–95 (1991); *Dover v. Sadowinski,* 147 Cal.App.3d 113, 116–18, 194 Cal.Rptr. 866, 867–69 (1983); *Lipman v. Rice,* 213 Cal.App.2d 474, 480, 28 Cal.Rptr. 800, 804 (1963).

**AFFIRMED.**

1. *See* Cal.Civ.Proc.Code § 474.

\* This disposition is not appropriate for publication and may not be cited to or by the courts