Filed 12/16/15  Herttua v. American Commercial Equities Three CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NEIL HERTTUA, | D066377 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00043406-CU-OR-CTL) |
| AMERICAN COMMERCIAL EQUITIES THREE, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Affirmed.

Mirch Law Firm, Kevin J. Mirch, Marie C. Mirch and Erin E. Hanson for Plaintiff and Appellant.

Samuels, Green & Steel and Glen R. Segal for Defendant and Respondent.

I.

INTRODUCTION

Appellant Neil Herttua filed this action against American Commercial Equities Three, LLC (ACE). In a first amended complaint, Herttua alleged claims styled as quiet title, accounting, preliminary injunction, and fraud. All of Herttua's claims arise from his contention that ACE improperly attempted to satisfy a judgment that it had obtained against his mother, Rita Herttua (Rita), by effectuating a sheriff's sale of certain real property (the Property) in which Herttua was living and that Herttua claimed belonged solely to him.

ACE demurred to the complaint on several grounds, including that none of Herttua's claims alleged facts sufficient to state a cause of action. The gist of ACE's demurrer was that it had properly effectuated a sheriff's sale of *Rita's* interest in the Property. ACE supported its demurrer with a request for judicial notice in which ACE requested that the court take judicial notice of various documents filed in an action between ACE and Rita, including the trial court's ruling authorizing the sheriff's sale of Rita's interest in the Property, the notice of sheriff's sale, and the sheriff's deed demonstrating the completion of the sale of the Property to a third party. The trial court granted the request for judicial notice and sustained ACE's demurrer without leave to amend. The trial court reasoned that the judicially noticed documents demonstrated that ACE possessed no interest in the Property, that Herttua failed to state facts demonstrating a relationship between him and ACE that could give rise to a claim for an accounting,

2

that the cause of action for injunctive relief to enjoin the sale of the Property was moot in light of the completion of the sale of the Property, and that the cause of action for fraud failed because Herttua did not allege that ACE had made fraudulent statements to him on which he relied.

On appeal, Herttua claims that each of his claims properly stated a cause of action against ACE and that the trial court erred in taking judicial notice of a deed related to the Property for the purpose of determining the owner of the Property. Herttua also claims that he could amend the complaint to state several additional causes of action. We affirm the judgment.[1]

---

[1] There is considerable ambiguity in the record as to whether Herttua appears in this action solely in an individual capacity, or in his capacity as a trustee for a trust.

The first amended complaint named Herttua and an entity called the "Herttua Irrevocable Trust" as plaintiffs. However, the trust was not a proper party to the action, because the "trustee, rather than the trust, is the real party in interest" in an action involving a trust. (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1132, fn.3.) The trial court entered a judgment of dismissal as to both Herttua and the "Herttua Irrevocable Trust." Herttua and an entity called the "Herttua Irrevocable Trust" filed separate notices of appeal. Herttua's opening brief is unclear as to whether it is being offered on behalf of Herttua solely in his individual capacity or also in his capacity as the trustee of a trust. While the caption refers solely to Herttua as "plaintiff and appellant," other portions of the briefing are ambiguous. In his reply brief in this court, Herttua contends that, in both the trial court and on appeal, he was acting in both his individual capacity and "as Trustee of the Herttua Family *Revocable* Trust." (Italics added.) Yet, in his opposition to ACE's demurrer, Herttua contended that he was acting on behalf of "himself and as the trustee [of] the Herttua *Irrevocable* Trust," and he requested "leave to amend to clarify that Neil Herttua is the trustee of the Herttua *Irrevocable* Trust." (Italics added.)

As noted above, neither the first amended complaint, the judgment, nor the notice of appeal state that Herttua is acting as a trustee. Further, Herttua's briefing is entirely unclear as to which trust, if any, he purports to be acting on behalf. Under these circumstances, we conclude that Herttua, in his individual capacity, is the only appellant properly before this court. In any event, all of the reasons that we provide in the text for affirming the judgment as to Herttua individually would also apply if we were to

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.      *The first amended complaint*

In April 2013, Herttua and the Herttua Irrevocable Trust[2] filed a first amended complaint against ACE. All of the claims in the first amended complaint were premised on Herttua's contention that he was the sole owner of the Property and that ACE was improperly attempting to effectuate a sheriff's sale of the Property. Herttua contended that Rita and her husband Richard Herttua (Richard) transferred title to the Property to the Herttua Revocable Living Trust in 1996. Herttua further contended that upon Richard's death in 1996, Rita had transferred ownership of the Property to Herttua. Alternatively, Herttua contended that he had obtained ownership of the Property by way of adverse possession.

Herttua further alleged that ACE had obtained a judgment against Rita and a company called Apache Trading, Inc. in a separate action. [3] Herttua contended that ACE was improperly attempting to effectuate a sheriff's sale of the Property in order to satisfy the judgment. In a cause of action for quiet title, Herttua requested that the court "enter title to the [Property] in the name of [Herttua] as the sole owner . . . ." In a cause of action for accounting, Herttua requested that the court order ACE to account for other

conclude that Herttua, acting in his capacity of a trustee to either trust, were an appellant in this court.

[2]      Although the first amended complaint named the Herttua Irrevocable Trust as a plaintiff, Herttua is the only appellant before this court. (See fn. 1.)

[3]      The complaint is replete with extraneous factual allegations pertaining to the action involving Rita and ACE.

property obtained by ACE to satisfy the judgment because "[w]ithout a proper accounting . . . it is impossible to determine the amount of the remaining judgment, if any."  In a cause of action styled as a claim for "injunctive relief," Herttua requested that the court enjoin the then impending sheriff's sale of the Property.  Finally, in a cause of action for fraud, Herttua alleged that "Fraudulent Writs of Seizure and Execution were obtained which did not include amounts already paid" on the judgment.

B.     *ACE's demurrer*

ACE demurred to the first amended complaint on several grounds, including that none of the claims adequately stated a cause of action.  With respect to the quiet title cause of action, ACE contended that it possessed no adverse interest in the Property and that a third party had purchased Rita's interest in the Property at a May 9, 2013 sheriff's sale.  ACE contended that the complaint failed to state a cause of action for an accounting based on the judgment in the action involving ACE and Rita because Herttua was not a party to that action, and there was no relationship between ACE and Herttua that would support an accounting.  ACE further contended that Herttua's request for injunctive relief to enjoin the sheriff's sale of the Property was moot since the sale had already occurred.[4]  Finally, ACE argued that the fraud cause of action was unintelligible and failed to state a cause of action.  In support of this contention, ACE noted that the first amended complaint did not allege that ACE had made any fraudulent misrepresentations to Herttua upon which Herttua had relied.

---

[4]     In April 2013, the trial court denied Herttua's ex parte request for a temporary restraining order to prevent the sale.

C.   *ACE's request for judicial notice*

ACE filed a request for judicial notice in support of its demurrer and requested that the trial court take judicial notice of various documents, including a 1996 quitclaim deed on the Property and several documents from the action between ACE and Rita such as the abstract of judgment, an application for an order for sale of the Property, an opposition to the application for sale of the Property, an order granting the application to sell the Property, the notice of sheriff's sale of Rita's interest in the Property, and the recorded sheriff's deed for the Property.

D.   *Herttua's opposition to the demurrer*

Herttua filed an opposition to the demurrer.  With respect to the first cause of action, Herttua did not dispute that he could not maintain an action to quiet title against ACE.  However, he argued that the trial court should grant him leave to amend to name the third party purchaser as a defendant to this claim as follows:

> "At the time of filing this complaint, Plaintiff did not know the identity of the purchaser because [ACE] had not sold the property. To the extent that the purchaser is an indispensable party, Plaintiff seeks leave to amend to add U.S. Financial L.P. as a party.  Plaintiff seeks leave to amend to name the purchasers as Does."

Herttua further argued that he had alleged a sufficient relationship with ACE to state a claim for an accounting because he had alleged that ACE had "improperly attempted to sell his home."  Herttua also contended that he should be granted leave to amend to "add causes of action related to the improper sale of Plaintiff's residence which occurred after the filing of the Amended Complaint."

6

With respect to his claim for injunctive relief, Herttua did not dispute that the Property had been sold. However, he maintained that a claim for injunctive relief was proper because "[ACE] could continue to improperly sell Mr. Herttua's property in an attempt to satisfy the judgment against Rita Herttua and Apache Trading, Inc."

Finally, Herttua stated that he had properly stated a claim for fraud because the first amended complaint alleged that the notice of sheriff's sale stated that the "remaining judgment" in the action involving ACE and Rita was $1,156,667.86. Herttua claimed that this statement was false because the judgment had already been partially satisfied by other real property "improperly seized and sold."

E.      *Herttua's opposition to the request for judicial notice*

Herttua filed an opposition to ACE's request for judicial notice in which he argued that it was improper for the trial court to take judicial notice of various recorded documents related to the Property for the purpose of determining the true owner of the Property.

F.      *The trial court's ruling*

After ACE filed a reply, the trial court issued an order granting ACE's request for judicial notice and sustaining ACE's demurrer without leave to amend. In explaining the basis for its ruling sustaining the demurrer, the court stated:

> "The demurrer to the first cause of action for quiet title is sustained
> because the documents judicially noticed demonstrate that this
> Defendant has no interest in the subject property. [¶] The demurrer
> to the second cause of action for an accounting is sustained because
> Plaintiffs have failed to plead facts to reflect a relationship between
> either of the Plaintiffs (assuming even that the complaint was
> amended to properly bring in the trustee of the trust) [and ACE] that

7

would require an accounting. [¶] The demurrer to the third cause of action for injunctive relief is sustained because, in light of the sale of the property, the request for injunctive relief is moot. Any speculative claim for future conduct is not justiciable. [¶] The demurrer to the fourth cause of action for fraud is sustained because Plaintiffs have failed to allege any fraudulent statement made to the Plaintiffs . . . upon which they relied."

The trial court denied Herttua's request for leave to amend because "the facts Plaintiffs have offered to request amendment would not cure the defects with the amended complaint regarding the demurring Defendant."

G. *The judgment and the appeal*

The trial court entered a judgment of dismissal in favor of ACE. Herttua timely appeals from the judgment.

III.

DISCUSSION

A. *The trial court did not err in sustaining ACE's demurrer without leave to amend*

Herttua claims that the trial court erred in sustaining ACE's demurrer without leave to amend with respect to his claims for quiet title, accounting, and fraud.[5]

1. *Governing law*

a. *The law governing the review of orders sustaining a demurrer without leave to amend*

In *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1608-1609, the court outlined the following well established law governing the review of an order sustaining a demurrer without leave to amend:

---

[5] Herttua does not make any claim in the legal argument portion of his brief concerning his claim for injunctive relief.

"A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. [Citation.] When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.' [Citation.] Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action." (Fn. omitted.)

2. *The trial court did not err in sustaining ACE's demurrer to Herttua's quiet title cause of action without leave to amend*

In his opening brief, Herttua does not present any argument in support of the contention that he has properly stated a cause of action for quiet title against ACE.[6] However, he claims that the trial court should have granted him leave "to amend the complaint to add the purchaser(s) of the property as proper defendants in the quiet title claims in place of 'Doe Defendants.' "

a. *Additional factual and procedural background*

The first amended complaint contains the following allegation pertaining to Doe defendants:

---

[6] In his reply brief, Herttua appears to argue that it was improper to sustain ACE's demurrer to the quiet title cause of action because Herttua could have amended his complaint to allege a quiet title action against the third party purchaser and "ACE would be an indispensable party to a suit to quiet title against the purchasers and to seek damages against ACE." Without suggesting that this contention has merit, we decline to consider it because Herttua has not demonstrated good cause for raising it for the first time in reply. (See *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10 [" ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before. . . ." ' "].)

9

"Defendants, Does 1-10, includes any attorneys[ ], employees, independent contractors acting on behalf of or in the name of ACE . . . . At such time as the true names and identities are known, Plaintiffs will seek leave to amend this complaint to add these Doe Defendants as actual named Defendants. Plaintiffs anticipate bringing an action against ACE's . . . officers and directors for knowingly seeking to collect a judgment against the Herttua Irrevocable Family Trust and for intentionally conspiring with ACE to destroy Neil Herttua's credit and business."

The first amended complaint also contains numerous allegations concerning the actions of the "Defendants, by and through their Doe Defendant Attorneys . . . ." For example, the quiet title action states, "Several years after Neil Herttua had obtained ownership of [the Property], Defendant ACE, by and through its Doe Defendant Attorneys, Officers and Directors sought leave to seize and auction [the Property] . . . ."

      b.    *The law governing Doe defendants*

Code of Civil Procedure section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . , and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

"When a complaint alleges a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from its commencement, and the statute of limitations stops running as of the date the original complaint was filed." (*Snoke v. Bolen* (1991) 235 Cal.App.3d 1427, 1431 (*Snoke*).)

10

c.    *Application*

Herttua's first amended complaint names certain individuals acting on behalf of ACE as Doe defendants.  However, no portion of the first amended complaint names a prospective[7] third party purchaser as a Doe defendant.  Thus, the trial court did not err in denying Herttua leave to amend his complaint to name the purchaser of the Property as a Doe defendant.  (See *Snoke*, *supra*, 235 Cal.App.3d at p. 1431 [fictitious defendant statute applies when complaint alleges "a cause of action against a defendant designated by a fictitious name"].)

Accordingly, we conclude that the trial court did not err in sustaining ACE's demurrer to his quiet title cause of action without leave to amend.[8]

3.    *The trial court did not err in sustaining ACE's demurrer to his accounting cause of action without leave to amend*

Herttua claims that the trial court erred in sustaining ACE's demurrer to his claim for an accounting against ACE without leave to amend because he could amend his complaint to assert a claim for accounting based on ACE's "sale of the [P]roperty."  Herttua also asserts that he is entitled to an accounting of "any other recovery that [ACE] has made against the judgment."

_____

7    It is undisputed that the first amended complaint was filed prior to the May 9, 2013 judicial sale.

8    Even assuming that we were to conclude that the trial court erred in denying Herttua leave to amend his complaint to name a new defendant, the error would not require reversal of the judgment as to ACE.

In *Fleet v. Bank of America N.A.* (2014) 229 Cal.App.4th 1403, 1413, the Court of Appeal provided a summary of the showing necessary to establish a claim for an accounting:

> "A cause of action for accounting requires a showing of a relationship between the plaintiff and the defendant, such a fiduciary relationship, that requires an accounting or a showing that the accounts are so complicated they cannot be determined through an ordinary action at law.  [Citations.]  'An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation.' "

It is undisputed that Herttua was not a party to the underlying judgment in favor of ACE and against Rita and Apache Trader.  Further, Herttua alleges no other facts concerning the relationship between him and ACE that would require ACE to account for property that it has recovered in attempting to satisfy its judgment against Rita.  In addition, Herttua does not dispute that ACE effectuated a sheriff's sale of *Rita's* interest in the Property.  Thus, Herttua has not presented evidence that he is entitled to an accounting from ACE based on the sale of Rita's interest in the Property.

Accordingly, we conclude that the trial court did not err in sustaining ACE's demurrer to his accounting cause of action without leave to amend.

4.      *The trial court did not err in sustaining ACE's demurrer to Herttua's cause of action for fraud without leave to amend*

Herttua claims that the trial court erred in sustaining ACE's demurrer to his cause of action for fraud without leave to amend.

12

"To state a cause of action for fraud, a plaintiff must plead an intentional misrepresentation of material fact with knowledge of its falsity and intent to induce reliance, actual reliance, and damages proximately caused by the reliance." (*Kumaraperu v. Feldsted* (2015) 237 Cal.App.4th 60, 70 (*Kumaraperu*).)

Herttua claims that he properly stated a claim for fraud against ACE based on the alleged statement in the notice of sheriff's sale of Rita's interest in the Property that " 'the remaining judgment is allegedly $1,156,667.86.' "  Herttua claims that this statement is false because it failed to take into account property that ACE had already obtained in satisfaction of the judgment.

This claim is entirely without merit because Herttua fails to allege any facts demonstrating that ACE intended for Herttua to rely on the statement in question, that Herttua relied on the statement, or that Herttua suffered damages proximately caused by such reliance.  (See *Kumaraperu*, *supra*, 237 Cal.App.4th at p. 70 [listing elements of a fraud claim].)  In addition, the trial court took judicial notice of the notice of sheriff's sale, and nothing in the notice states that the "remaining judgment" is $1,156,667.86. (See *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 605 [courts may "disregard allegations contrary to the law or to a fact of which judicial notice may be taken"].)

Accordingly, we conclude that the trial court did not err in sustaining ACE's demurrer to Herttua's cause of action for fraud without leave to amend.

B.      *The trial court did not err in granting ACE's request for judicial notice of a quitclaim deed related to the Property*

Herttua claims that the trial court erred by taking judicial notice of the truth of facts contained in a recorded quitclaim deed for the Property. Herttua does not dispute that it was proper for the trial court to take judicial notice of the deed. (See *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 194 ["A recorded deed is an official act of the executive branch, of which [a] court may take judicial notice."].) However, Herttua claims that the trial court made a "factual determination," based on the deed, that Herttua does not own the Property. This claim fails because there is nothing in the trial court's order granting ACE's request for judicial notice and sustaining its demurrer without leave to amend that either implicitly or explicitly determines that Herttua does not own the Property.

C.      *Herttua has not demonstrated that he can amend the first amended complaint to state any additional causes of action*

Herttua asserts that the judgment should be reversed so that he may assert causes of action for declaratory relief, "real property claims," wrongful execution, and slander of title. However, beyond outlining the elements of such claims, Herttua fails to demonstrate how he could properly state any of these claims based on either the facts alleged in the first amended complaint or on newly alleged facts. The conclusory assertions that Herttua offers in his brief do not sufficiently demonstrate how he could amend his complaint to state any of these additional causes of action. (See *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 [to satisfy his burden of demonstrating a reasonable possibility of amendment on appeal from an order sustaining

14

a demurrer, "a plaintiff 'must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading' "].)

Accordingly, Herttua is not entitled to reversal of the judgment so as to permit him to amend the first amended complaint to allege additional causes of action.

IV.

DISPOSITION

The judgment is affirmed.  ACE is entitled to recover its costs on appeal.


                                                                    AARON, J.

WE CONCUR:

McCONNELL, P. J.

McDONALD, J.

15